J-S50025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDRE D. DENNIS, | : | |
| | : | |
| Appellant | : | No. 204 WDA 2014 |

Appeal from the Judgment of Sentence Entered January 23, 2014,
In the Court of Common Pleas of Fayette County,
Criminal Division, at No. CP-26-CR-0000474-2013.

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 6, 2014**

Appellant, Andre D. Dennis, appeals from the judgment of sentence entered on January 23, 2014, in the Fayette County Court of Common Pleas. We affirm.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> [T]he trial evidence established Defendant had a relationship with [Fayette County Children and Youth Services ("CYS")] from July 2011 until the date of the crimes. In November 2012, a termination hearing was conducted, and an Order of termination was filed in mid-December 2012, terminating Defendant's parental rights to his child. Defendant then had until January 14, 2013, to file his appeal. [N.T., Trial, 1/8/14, at 20]. Although the parental rights have been terminated, CYS continues to schedule visitations between the child and the birth parents during the appeal period, so that Defendant was scheduled for a visitation with the child on January 17, 2013, the day of the incident. However, when Defendant did not file an appeal by the close of

business on January 14, CYS caseworker supervisor Christy Shaw tried unsuccessfully to reach him by telephone on January 15 and January 16 to tell him that there would be no visit or further contact between him and the child because the termination was final. Id. pp. 14-15. When Defendant, following procedure, called to confirm his visitation with the child on January 17, 2013, at approximately 8:45 A.M., Ms. Shaw then informed him that there would be no further contact between him and the child. Id. pp. 15-16, 28.

Defendant became agitated and began yelling, saying he was going to kill Ms. Shaw and caseworker Colbi Bucelic, and their families, and perhaps other people, too. Id. pp. 16, 30. On or about the same day as the final day for the appeal, CYS was made aware that Defendant's girlfriend, the mother of the child to whom the rights were terminated, gave birth to a second child on January 12, 2013. CYS then filed a dependency petition relative to that newborn and requested custody and placement of that infant in a foster home. Id. pp. 11, 22. During Defendant's telephone call on January 17, 2013, Ms. Shaw also informed Defendant about the CYS filing of the dependency petition, at which time Defendant grew more irate and began to use much profanity. Id. pp. at 7, 30. He then suggested that the CYS workers call the police because, he said, he was coming to the CYS offices to kill them. Id. His threats caused Ms. Shaw and Ms. Zielinsky to be afraid, and the agency went on lockdown. Id. pp. 17-18, 31. All appointments, visitations, and meetings with parents, foster parents, and professionals from other related agencies, were cancelled for that entire day, and no caseworkers were allowed to go out, even to the parking lot. Id. p. 18. The police were notified and appeared at the agency. Id. All told, between fifty and sixty people were affected by Defendant's threats, and Ms. Shaw had to leave work early so that her own child did not arrive at an empty house when that child came home from school. Id. p. 19.

Trial Court Opinion, 2/21/14, at 1-3.

Appellant was charged with four counts of making terroristic threats, one count of harassment, and one count of disorderly conduct. One of the

-2-

counts of making terroristic threats was withdrawn. At the conclusion of a jury trial on January 8, 2014, Appellant was found guilty of one count of making terroristic threats to Ms. Shaw,[1] one count of making terroristic threats to Ms. Zielinsky,[2] one count of making terroristic threats causing public inconvenience,[3] and one count of harassment.[4] N.T., Trial, 1/8/14, at 73-74. Separately, the trial court found Appellant guilty of the summary offense of disorderly conduct.[5] *Id*. at 74.[6] On January 23, 2014, the trial court sentenced Appellant to an aggregate term of six months to one year of incarceration, followed by one year of probation.

Appellant filed a timely notice of appeal on February 3, 2014. On that same date, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On February 6, 2014, Appellant filed his Pa.R.A.P. 1925(b) statement. On February 21, 2014, the trial court filed its opinion pursuant to Pa.R.A.P. 1925(a).

---

[1] 18 Pa.C.S. § 2706(a)(1).

[2] 18 Pa.C.S. § 2706(a)(1).

[3] 18 Pa.C.S. § 2706(a)(3).

[4] 18 Pa.C.S. § 2709(a)(4).

[5] 18 Pa.C.S. § 5503.

[6] Appellant has presented no challenge on appeal regarding the disorderly conduct summary offense.

In this appeal, Appellant raises the following issues:

[1.] Was the verdict of count 1 and count 2 [convicting Appellant of terroristic threats] against the weight of the evidence against the weight of the evidence [sic] to show that the telephone conversation and language word [sic] used by the Appellant was of such a nature to show that the Appellant intended to terrorize Christy Shaw or Colleen Zielinsky?

[2.] Did the testimony show that the action, i.e. telephone conversation, rose to the level of terroristic threats which caused public inconvience [sic]?

[3.] Was the verdict of harassment insufficient and against the weight of the evidence since it was Children and Youth Services that made the telephone call to Appelant [sic] and it was Children and Youth Services that kept the Appellant on the phone and did not terminate said conversation?

Appellant's Brief at 7 (full capitalization omitted).

In Appellant's first issue, he claims that the convictions for making terroristic threats against Ms. Shaw and Ms. Zielinsky were against the weight of the evidence. Moreover, in his second issue, Appellant asserts that the testimony did not support the convictions for terroristic threats. This second issue, as argued, is a challenge to the credibility of the witnesses and is, therefore, a challenge to the weight of the evidence. *See* ***Commonwealth v. Lopez***, 57 A.3d 74, 80 (Pa. Super. 2012) (stating that challenges to the credibility of a witness's testimony is a challenge to the weight and not the sufficiency of the evidence). Thus, we shall address these issues together.

An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Manley**, 985 A.2d 256, 262 (Pa. Super. 2009) (citation omitted). Appellate review of a challenge to the weight of the evidence is a review of the trial court's discretion, not of the underlying question of whether the verdict is against the weight of the evidence. **Id**. (citation omitted). To grant a new trial on the basis that the verdict is against the weight of the evidence, the evidence must be so tenuous, vague, and uncertain that the verdict shocks the conscience of the court. **Id**. (citations and quotation marks omitted).

Upon review of the record, however, we conclude that Appellant has failed to preserve any challenges to the weight of the evidence as he failed to present them in either an oral or written motion prior to sentencing or in a timely-filed post-sentence motion. **Lopez**, 57 A.3d at 80 (citing Pa.R.Crim.P. 607). For these reasons, Appellant is entitled to no relief on his challenges to the weight of the evidence.[7]

Assuming, for the sake of argument, that Appellant had properly preserved his challenges to the weight of the evidence, such a claim would fail. The Crimes Code defines terroristic threats as follows:

---

[7] The trial court also concluded Appellant waived his challenges to the weight of the evidence by failing to raise them before the trial court prior to sentencing or in a post-sentence motion. Trial Court Opinion, 2/21/14, at 3.

**Terroristic threats**

**(a) Offense defined.**--A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:

> (1) commit any crime of violence with intent to terrorize another;
>
> (2) cause evacuation of a building, place of assembly or facility of public transportation; or
>
> (3) otherwise cause serious public inconvenience, or cause terror or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience.

18 Pa.C.S. § 2706(a). As noted above, Appellant terrorized Ms. Shaw and Ms. Zielinsky when he threatened to come to the CYS office and kill them and others. Moreover, because CYS went on lockdown due to Appellant's threats and employees were not permitted to leave the building, Appellant's threats caused serious inconvenience. Nothing in the verdicts shocks this Court's conscience. Thus, were we to reach this issue, we would conclude that Appellant was entitled to no relief on his weight of the evidence claim.

Turning now to Appellant's third argument, we reiterate that all of Appellant's challenges to the weight of the evidence were waived due to his failure to properly preserve them for appeal pursuant to Pa.R.Crim.P. 607.[8]

---

[8] Had Appellant preserved a weight of the evidence challenge with respect to his harassment conviction, his claim would fail. A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person communicates threatening or obscene language. 18 Pa.C.S. §

As such, what remains of Appellant's final issue on appeal is a challenge to the sufficiency of the evidence with respect to the conviction for harassment.

In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to prove every element of the offense beyond a reasonable doubt. *Commonwealth v. James*, 46 A.3d 776 (Pa. Super. 2012). It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. *Commonwealth v. Cousar*, 928 A.2d 1025 (Pa. 2007); *Commonwealth v. Moreno*, 14 A.3d 133 (Pa. Super. 2011). The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Commonwealth v. Hansley*, 24 A.3d 410 (Pa. Super. 2011). Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Ratsamy*, 934 A.2d 1233 (Pa. 2007). Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so

---

2709(a)(4). Appellant's phone call to Ms. Shaw where he shouted, used obscenities, and threatened her life satisfies the elements of harassment, is not against the weight of the evidence, and it does not shock our conscience.

inconclusive that as a matter of law no probability of fact may be drawn from the circumstances. **Moreno**, 14 A.3d at 133.

The relevant portion of the crime of harassment is defined in the Crimes Code as follows:

**Harassment**

**(a) Offense defined**.--A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

* * *

(4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures[.]

18 Pa.C.S. § 2709(a)(4).

As noted above, the record reflects that Appellant contacted CYS and threatened employees at the office with physical violence and death. These threats alarmed CYS employees and caused a lockdown at the CYS offices. Pursuant to our standard of review, we conclude that the evidence adduced at trial was sufficient to prove Appellant guilty of harassment.

For the reasons set forth above, Appellant is entitled to no relief on any of his claims of error. Accordingly, we affirm the judgment of sentence entered on January 23, 2014.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/6/2014