J-S46004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RASSHAUL FOSTER, | |
| Appellant | No. 3232 EDA 2014 |

Appeal from the Judgment of Sentence Entered September 19, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002233-2013

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED AUGUST 02, 2016**

Appellant, Rasshaul Foster, appeals from the judgment of 1 to 23 months' incarceration, followed by three years' probation, imposed after a jury convicted him of receiving stolen property (RSP), 18 Pa.C.S. § 3925(a), as well as various counts of criminal conspiracy, 18 Pa.C.S. § 903(a). Appellant challenges the weight and sufficiency of the evidence to sustain his conspiracy convictions.  After careful review, we affirm.

Appellant's convictions stemmed from his participation, along with his co-defendant, Ernestina Reyes, in using fraudulent credit cards to purchase approximately $2,000 worth of gift cards from a mall in Montgomery County. Appellant was sentenced to the above-stated term on September 19, 2014.

_____

[*] Retired Senior Judge assigned to the Superior Court.

He filed a timely post-sentence motion, which the court denied. Appellant then filed a timely notice of appeal. He also filed, after this Court issued a *per curiam* order permitting him to do so, a *nunc pro tunc* Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a responsive opinion on April 1, 2015. Appellant now presents the following two issues for our review (which we have reordered for ease of disposition):

> 1. Whether the trial court erred in finding that there was legally sufficient evidence to support Appellant['s] … conviction for criminal conspiracy in violation of 18 [Pa.C.S. §] 903(a)[?]
>
> 2. Whether the trial court abused its discretion when it denied Appellants' [*sic*] motion for a new trial made pursuant to [Pa.R.Crim.P.] 607 (relating to challenges to [the] weight of the evidence)[?]

Appellant's Brief at 9 (unnecessary capitalization and emphasis omitted).

Appellant first claims that the evidence was insufficient to convict him of criminal conspiracy. Our standard of review of such a claim is as follows:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. ***Commonwealth v. Moreno***, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. ***Commonwealth v. Hartzell***, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. ***Moreno, supra*** at 136.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011).

"A person is guilty of conspiracy with another person or persons ... if with the intent of promoting or facilitating" the commission of a crime, he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a). Additionally, "[t]his Court has repeatedly held that flight, along with other circumstantial evidence, supports the inference of a criminal conspiracy." *Commonwealth v. Marquez*, 980 A.2d 145, 150 (Pa. Super. 2009) (citing *Commonwealth v. Davalos*, 779 A.2d 1190 (Pa. Super. 2001); *Commonwealth v. Hatchin*, 709 A.2d 405 (Pa. Super. 1998)). "Flight is one aspect of the web of evidence that as a whole points to the existence of a criminal conspiracy." *Id.* (citing *Commonwealth v. Davenport*, 452 A.2d 1058 (Pa. Super. 1982)).

Here, Appellant contends that the evidence failed to prove that he agreed to assist Ms. Reyes in her use of fraudulent credit cards to purchase gift cards at a shopping mall. According to Appellant, the Commonwealth established only "that [A]ppellant drove the car and associated with [Ms.] Reyes while she engaged in the transactions." Appellant's Brief at 19. He stresses that "no contraband" was found in his possession, and "he never engaged in any transactions…." *Id.* Appellant also avers that the evidence of his flight from police was "paltry and puny" and, thus, it cannot support that he had a consciousness of guilt. *Id.* at 18. Appellant then transgresses into a rather lengthy discussion of several cases wherein DNA or other evidence exonerated wrongly convicted individuals. *Id.* at 20-22. Appellant

- 3 -

contends that like those individuals, he too is innocent of the crimes for which he was convicted.

Contrary to this claim, the evidence presented at Appellant's trial proves he is guilty of conspiring with Ms. Reyes. There, the Commonwealth presented evidence that on February 23, 2013, Appellant and Ernestina Reyes traveled from New York to a shopping mall in Montgomery County, Pennsylvania, where Ms. Reyes used fraudulent credit cards to purchase approximately $2,000 in gift cards. *See* N.T. Trial, 5/12/14, at 66, 75-77. Specifically, Ms. Reyes purchased two $500 Bloomingdale's gift cards, and two $400 gift cards from Macy's. *Id.* at 75-77. According to the trial court:

> [Appellant] did not contest at trial that fraudulent transactions occurred on [that date]. The evidence[, including video surveillance footage,] showed [Appellant] and [Ms.] Reyes as they walked from register to register in Bloomingdale's and Macy's so that [Ms.] Reyes could purchase gift cards using fake credit cards. While [Appellant] did not always appear with [Ms.] Reyes at the registers, the fake credit cards bore a woman's name and he was, nevertheless, nearby during most of the fraudulent transactions. The evidence also included an instance where [Appellant] and [Ms.] Reyes were at a register in Macy's with three packets of men's undergarments that [Appellant] had selected. [Appellant] walked away and soon returned with a gift card, which he placed on the counter. Reyes attempted to make a purchase, but the credit card she used was declined. [Appellant], who was standing next to [Ms.] Reyes when the transaction failed, began looking in the direction of a register in the [men's] suit department. [Ms.] Reyes walked to that register and attempted to purchase a gift card. When the two Visa credit cards she attempted to use were declined, she walked back in [Appellant's] direction shaking her head as if to indicate "no." No subsequent transactions were made in Macy's.

Trial Court Opinion (TCO), 4/1/15, at 4.

Appellant and Ms. Reyes then attempted to leave the shopping mall in a car driven by Appellant. Police officers patrolling at the mall, and who were aware of Ms. Reyes' illegal activity, attempted to stop the vehicle. One of those officers, Brian Palermo, testified at Appellant's trial that his police vehicle was directly behind Appellant's vehicle when the officer activated his vehicle's lights and sirens. N.T. Trial, 3/12/14, at 65, 79. Officer Palermo stated that Appellant's vehicle "failed to yield" and, "as it became apparent to [the officer] and to the other officers on scene that this vehicle was not going to yield, two other patrol cars pulled in front of the vehicle to ensure that no vehicle pursuit would be taking place." *Id.* at 65. Appellant stopped his vehicle at that point. *Id.* A subsequent search of the car revealed, on the passenger side of the vehicle where Ms. Reyes had been sitting, the fraudulent credit cards that had been used inside the mall, the gift cards that had been illegally purchased, and receipts for those gift cards. *Id.* at 68-71, 73.

Viewing this evidence in the light most favorable to the Commonwealth, it supports the jury's finding that Appellant not only knew that Ms. Reyes was using fraudulent credit cards, but that he assisted her in doing so by driving her to and from the shopping mall. Accordingly, the evidence was sufficient to sustain his conspiracy convictions.

Next, Appellant argues that the jury's verdict was contrary to the weight of the evidence.

A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

**Commonwealth v. Houser**, 18 A.3d 1128, 1135-1136 (Pa. 2011) (citations and internal quotation marks omitted).

In rejecting Appellant's weight claim, the trial court discussed the evidence presented at Appellant's trial, and then explained:

[T]he jury, as fact-finder, was free to credit the abundant evidence of a conspiratorial relationship between [Appellant] and [Ms.] Reyes. It was also free to reject the defense theory that [Appellant] and [Ms.] Reyes, both New York residents, were merely on an extended date at the Montgomeryville Mall and that [Appellant] was all the while unaware that she was engaging in fraudulent transactions during repeated trips to registers on several floors in two different department stores. Thus, [Appellant] is not entitled to a new trial on the basis of a challenge to the weight of the evidence.

TCO at 4.

In attacking the court's decision, Appellant essentially reiterates his sufficiency argument, stressing that he was merely present when Ms. Reyes committed the crimes, as evidenced by the fact that she was found in possession of the fraudulent credit cards, gift cards, and receipts. Appellant also reiterates that the flight evidence was weak, but newly contends

(without citation to the record) that the evidence indicated that he *slowed* his vehicle *before* the officers blocked the road. Appellant maintains that this fact is "at odds with the trial courts [*sic*] opinion[,]" wherein it states that Appellant "did not immediately yield, prompting two police vehicles to have to block his path." Appellant's Brief at 14; TCO at 6. Appellant further challenges the court's statement that he and Ms. Reyes visited "numerous" registers, contending that the evidence indicated he was present at only two registers with Ms. Reyes. **See** Appellant's Brief at 16-17 (citing TCO at 6).

Initially, in the portions of the trial court's opinion challenged by Appellant, the court was discussing his *sufficiency* of the evidence claim, not the *weight* of the evidence to support the verdict. In rejecting Appellant's weight claim, the court offered the above-quoted discussion, which Appellant does not mention, let alone attack as an abuse of the court's discretion.

In any event, even if the court did consider Appellant's flight in regard to his weight-of-the-evidence issue, the court's conclusion that Appellant did not 'immediately yield' was supported by Officer Palmero's testimony. **See** N.T. Trial, 3/12/14, at 65 (Officer Palmero's testifying that after he activated his "overhead lights and sirens" Appellant did not "immediately pull over" but instead he "failed to yield" until "two other patrol cars pulled in front of [Appellant's] vehicle"). Additionally, even if the court overstated that Appellant and Ms. Reyes visited 'numerous' registers, that was clearly not a prominent fact relied upon by the court in rejecting Appellant's challenge to the weight and/or sufficiency of the evidence. Instead, the court stressed

Appellant's presence "nearby during most of the fraudulent transactions[;]" the surveillance video showing Appellant's placing a gift card on the checkout counter; his scanning the store for a different register when Ms. Reyes' card was declined; Ms. Reyes' shaking her head "no" to Appellant when her second attempt to buy the gift card failed; and Appellant's failure to 'immediately yield' when police attempted to stop his vehicle as he was leaving the mall.  *See* TCO at 3-4, 6.

In light of the evidence cited by the court in rejecting Appellant's weight-of-the-evidence claim, and the weakness of his argument on appeal, we ascertain no abuse of discretion in the court's decision to deny Appellant a new trial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2016