COMMONWEALTH of Pennsylvania,
Appellee

v.

Angel Miguel MORENO, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 27, 2010.

Filed Feb. 4, 2011.

Anthony J. Tambourino, Public Defender, York, for appellant.

Hugh S. Rebert, Assistant District Attorney, York, for Commonwealth, appellee.

BEFORE: PANELLA, OTT, and FITZGERALD *, JJ.

OPINION BY PANELLA, J.:

Appellant, Angel Miguel Moreno appeals from the judgment of sentence entered on October 19, 2009, in the Court of Common Pleas of York County. After careful review, we affirm.

The testimony adduced at the time of the non-jury trial revealed that Moreno is a lifetime Megan's Law registrant based upon a 1991 rape conviction in Pennsylvania. *See,* N.T., Trial, 9/4/09, at 8–9. Moreno was paroled in 2001 at which time he was apprised of the requirements of registering under Megan's Law. *Id.,* at 9–10. Moreno was re-incarcerated on drug paraphernalia charges on May 4, 2008, and subsequently released from prison on July 24, 2008. *Id.,* at 35. The next day, July 25, 2008, Moreno reported to the Pennsylvania State Police (PSP) barracks and completed a sexual offender worksheet. *Id.,* at 11–12. Moreno provided an address of 583 West Princess Street in the City of York [1] on the worksheet and then signed the document, verifying that all of the facts were true and correct. *Id.,* at 12, 48. According to PSP records, since July of 2008, Moreno has provided no further address changes. *Id.,* at 13.

Justin Towles, the York County Adult Probation and Parole officer assigned to Moreno's case following his release from prison, testified that an intake interview with Moreno was conducted on October 29, 2008, by his department. *Id.,* at 16–17. During the interview, Moreno listed his address as 585 West Princess Street, York. *Id.,* at 17. Probation Officer Towles reviewed Moreno's file and, upon noticing that he was a lifetime registrant under Megan's Law, mailed a first appointment letter to Moreno at his listed address of 585 West Princess Street. The letter was dated December 12, 2008. *Id.,* at 18. The letter was returned on December 26, 2008, with the notation "temporarily away." *Id.* Upon inquiry with the post office, Probation Officer Towles learned that Moreno's

---

* Retired Justice specially assigned to the Superior Court.

1. The record indicates that there is no address of 583 West Princess Street. *See* N.T., Trial, 9/4/09, at 28. The addresses on West Princess Street go from 581 to 585 with an alleyway between the two properties. *Id.,* at 29. Mary Ellen Bohol and her husband were the owners of the property located at 585 West Princess Street for 7½ years, selling their ownership interest in the property in November of 2008.

mail was originally placed on hold; however, after Moreno had been gone for a prolonged period of time, the post office began returning it to sender. *Id.,* at 19.

Probation Officer Towles then verified Moreno's address through J–NET, the PSP's registry which listed 583 West Princess as Moreno's address of record. *Id.,* at 19–20. Moreno was picked up on January 3, 2009, on an outstanding traffic warrant, prior to a home visit by Probation Officer Towles. *Id.,* at 20. Probation Officer Towles met with Moreno in prison where he provided an address of 585 West Princess Street. *Id.* When confronted with the returned mail marked "temporarily away", Moreno responded he "had to get out of there" and that he "way staying with some friends here and there." *Id.,* at 21. As a result, Probation Officer Towles recommended the filing of the instant charges.

Following a bench trial on September 4, 2009, Moreno was convicted of violating 18 PA.CONS.STAT.ANN. § 4915(a)(3), knowingly failing to provide accurate information when registering under 42 Pa.C.S. § 9795.2. *See* Order, 9/21/09. Subsequent thereto, the trial court, after reviewing the pre-sentence investigation report and taking into consideration that this was Moreno's third Megan's Law registration violation, sentenced Moreno on October 19, 2009, to a period of four to eight years' incarceration. Post-sentence motions were filed on October 28, 2009 and denied following a hearing on December 15, 2009. This timely appeal followed.

On appeal, Moreno raises the following issues for our review:

I. WHETHER APPELLANT'S CONVICTION FOR PROVIDING FALSE INFORMATION FOR MEGAN'S LAW REGISTRATION WAS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE WHERE, PRIOR TO THE DECISION IN *Commonwealth v. Wilgus,* 975 A.2d 1183 (Pa.Super.2009), APPELLANT PROVIDED THE BEST ADDRESS HE COULD GIVEN HIS HOMELESS EXISTENCE?

II. ALTERNATIVELY, WHETHER THE COMMONWEALTH OFFERED SUFFICIENT EVIDENCE TO ESTABLISH THAT APPELLANT, WHO HAD BEEN SLEEPING ON OR NEAR THE STRUCTURE AT 585 WEST PRINCESS STREET, DID NOT RESIDE AT THE REGISTERED ADDRESS?

III. WHETHER THE TRIAL COURT ERRED IN REFUSING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL BY SHIFTING THE BURDEN OF PROOF, I.E., RULING THAT HOMELESSNESS IS AN AFFIRMATIVE DEFENSE?

Appellant's Brief, at 5.

In his first issue raised herein on appeal, Moreno challenges the weight and sufficiency of the evidence to support his conviction under 18 PA.CONS.STAT.ANN. § 4915(3). Our Supreme Court has held that

[t]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is

not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney,* 574 Pa. 435, 444, 832 A.2d 403, 409 (2003), *cert. denied,* 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004). Additionally, as a general rule:

A motion for new trial on grounds that "the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence." *Commonwealth v. Hodge,* 441 Pa.Super. 653, 658 A.2d 386, 388 (1995).

*Commonwealth. v. Bennett,* 827 A.2d 469, 481 (Pa.Super.2003), *appeal denied,* 577 Pa. 707, 847 A.2d 1277 (2004).

As such, in his first argument, by claiming that the weight of the evidence was not sufficient to uphold Moreno's conviction, Moreno has conceded that there is sufficient evidence to sustain the verdict rendering his sufficiency claim futile. However, even if we were to address the merits of Moreno's claim regarding sufficiency of the evidence, he is nevertheless not entitled to any relief.

In reviewing sufficiency of evidence claims, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense. *See Commonwealth v. Bullick,* 830 A.2d 998, 1000 (Pa.Super.2003). Additionally, to sustain a conviction, the facts and circumstances which the Commonwealth must prove, must be such that every essential element of the crime is established beyond a reasonable doubt. *See Commonwealth v. Hargrave,* 745 A.2d 20, 22 (Pa.Super.2000), *appeal denied,* 563 Pa. 683, 760 A.2d 851 (2000). Admittedly, guilt must be based on facts and conditions proved, and not on suspicion or surmise. *See Commonwealth v. Swerdlow,* 431 Pa.Super. 453, 636 A.2d 1173 (1994). Entirely circumstantial evidence is sufficient so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. *See id.; see also Commonwealth v. Chmiel,* 536 Pa. 244, 247, 639 A.2d 9, 11 (1994). Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *See Commonwealth v. DiStefano,* 782 A.2d 574, 582 (Pa.Super.2001), *appeal denied,* 569 Pa. 716, 806 A.2d 858 (2002). The fact finder is free to believe all, part, or none of the evidence presented at trial. *See Commonwealth v. Nicotra,* 425 Pa.Super. 600, 625 A.2d 1259, 1261 (1993).

Here, the only argument advanced by Moreno in support of his sufficiency and weight claims is that being homeless does not trigger the registration requirements of Megan Law's based upon this Court's decision in decision in *Commonwealth v. Wilgus,* 975 A.2d 1183 (Pa.Super.2009), *appeal granted,* 605 Pa. 313, 989 A.2d 340 (2010).[2] *See* Appellant's Brief, at 9.

---

**2.** The Pennsylvania Supreme Court has granted the Commonwealth's petition for allowance of appeal on February 16, 2010 to address the following issue:

Did the courts below err by concluding that a defendant who provides an address and subsequently becomes homeless has no duty to comply with the registration requirements of Megan's Law, such that evidence consistent with these circumstances would be insufficient to support a verdict of guilty of failure to register?

After a thorough analysis of *Wilgus*, it evident that the facts of this case are markedly different so as to preclude strict adherence to *Wilgus*. In *Wilgus*, the defendant was released from prison and, after being turned away from various housing programs, was homeless, living on the streets of downtown Harrisburg for 30 days, and was eventually convicted for failing to register his current or new residence address as required by 18 Pa.Cons. Stat.Ann. § 4915(a)(1),(2). *Wilgus*, 975 A.2d at 1184. The trial court later dismissed the charges against Wilgus after granting his post-trial motion for arrest of judgment. *Id.*, at 1185. On appeal, a panel of this Court held that defendant's homeless existence precluded the possibility of a "residence," or fixed place of habitation or abode. *Id.*, at 1189. Thus, Wilgus was without a "residence" to register, change or verify within the meaning of Megan's Law. *Id.* Under these circumstances, this Court found the evidence insufficient to support Wilgus' conviction for failing to register his "residence". *Id.*

Conversely, unlike the defendant in *Wilgus*, Moreno did in fact register with the PSP upon release from prison; however, he failed to provide accurate information when registering in violation of 18 Pa.Cons. Stat.Ann. § 4915(a)(3).[3] Section 4915(a)(3) makes it a criminal offense for an individual who is subject to registration to knowingly fail to "provide accurate information when registering under 42 Pa.C.S. § 9795.2 or verifying an address under 42 Pa.C.S. § 9796." *See* 18 Pa.Cons.Stat.Ann. § 4915(a)(3).

By his own admission, Moreno never actually lived inside the Bohol residence at 585 West Princess Street *after* he was released from prison on July 24, 2008. *See*, N.T., Trial, 9/4/09, at 49 (emphasis added). Moreno testified he would sleep on porches and in alleyways near West Princess Street and specially, the Bohol residence; however the Bohols were not aware of his presence. *Id.*, at 36, 45. As such, on July 25, 2008 when Moreno submitted to the PSP for registration and listed the West Princess Street address on the PSP sexual offender worksheet, he provided inaccurate information because he was actually homeless at the time of registration. *Id.*, at 49. Accordingly, Moreno knowingly failed to provide accurate information in violation of 18 Pa.Cons. Stat.Ann. § 4915(a)(3).

While *Wilgus* in essence carves out an exception to the registration requirement for a homeless individual whom has no "residence" as defined by that Court, that decision has little significance to the case herein. Moreno knew that he was not residing at the West Princess Street address on July 25, 2008, and nonetheless provided it as his address of record for Megan's Law purposes. As such, the sufficiency and weight of the evidence presented by the Commonwealth was more than ample to support Moreno's conviction under § 4915(a)(3) regardless of his homeless state of being.

■ Next, Moreno challenges the sufficiency of the evidence presented by the Commonwealth to establish that he had not been residing at 585 West Princess Street. The record clearly belies this argument. By his own concession, from the

---

*Commonwealth v. Wilgus*, 605 Pa. 313, 989 A.2d 340 (2010). No decision has been handed down from our Supreme Court as of the date of filing of this opinion.

**3.** While Moreno was charged with violating the provisions of 18 Pa.Cons.Stat.Ann.

§ 4915(a)(1),(2) and (3), he was found guilty only of violating Section 4915(a)(3) for his failure to provide accurate information when registering. *See*, Order, 9/21/09, at 4.

time of his release from prison in July 2008, he never actually lived inside the residence at 585 West Princess Street. *See* N.T., Trial, 9/4/09, at 49. Moreno would stay in alleyways and on the porch of the residence and other residences in the vicinity of 585 West Princess Street, unbeknownst to the homeowners, including the Bohols. *Id.*, at 36 & 45. A residence, as defined by 42 Pa.Cons.Stat.Ann. § 9792 is a "location where an individual resides or is domiciled or intends to be domiciled for 30 consecutive days or more during a calendar year." *Id.* While the evidence adduced at trial revealed that Moreno did reside at 585 West Princess Street for a period of 12–14 months prior to his reincarceration on drug paraphernalia charges in May of 2004, *see id.*, at 25, upon his release from prison, he was no longer living at that address. *Id.*, at 27, 30, 36, & 49. Moreno was transient; he lived on the streets, not at 585 West Princess Street in the City of York.

Accordingly, the evidence was sufficient to establish that Moreno was not residing at 585 West Princess Street on July 25, 2008, when he provided said address to the PSP in an effort to satisfy his registration requirements under Megan's Law. Moreover, Moreno continued to misrepresent his address on his documentation with the Adult Probation & Parole Office.

Lastly, Moreno argues that the trial court erred in denying his motion for judgment of acquittal. Specifically, Moreno asserts that the trial court improperly shifted the burden of proof of homelessness onto him as an affirmative defense. *See* Appellant's Brief, at 9. This argument is fruitless as homelessness does not negate the element of the charge for which Moreno was convicted, *i.e.*, knowingly failing to provide accurate information when registering. While we agree that, under current precedent, a homeless person cannot be penalized for failure to supply a "residence" in order to comply with the registration requirements under Megan's Law, here, Moreno completed the registration form. However, he knowingly provided false or inaccurate information for which he is clearly subject to the penalties of violating 18 Pa.Cons.Stat.Ann. § 4915(a)(3).

Although we are sympathetic to the plight of homeless individuals, we remain committed to the principles behind the enactment of Megan's Law. The legislature in Pennsylvania has declared that young children are highly vulnerable and that the Commonwealth has a compelling state interest in protecting them from sexually violent predators. *See* Pennsylvania Benchbook on Crimes of Sexual Violence, Ch. 2, pg. 27 (2d Edition 2009). Megan's Law serves to protect the public by providing them with adequate notice and information about a sexual offender "planning to live, work or reside in any given community, thereby providing the community with an opportunity to develop a constructive plan to prepare themselves and their children for the offender's release. 42 Pa. C.S. § 9791(a)(1) ('Legislative findings')." *Commonwealth v. Baird*, 856 A.2d 114, 116 (Pa.Super.2004).

In this case, Moreno was convicted of Rape, 18 Pa.Cons.Stat.Ann. § 3121 an offense requiring lifetime registration under Megan's Law. Instead of informing the PSP and his probation officer that he was homeless, Moreno provided incorrect information about his residence. In light of his crimes, Moreno owes a legal obligation to the people of this Commonwealth to keep the authorities properly informed of his whereabouts. Strict adherence to the reporting requirements under Megan's Law was justified in this case.

Based upon the foregoing reasons, we are compelled to affirm Moreno's judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.