J-S87014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS RICHARD BRADLEY DAVIS, | |
| Appellant | No. 1135 MDA 2016 |

Appeal from the Judgment of Sentence June 27, 2014
in the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0007931-2013

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 17, 2017**

Appellant, Thomas Richard Bradley Davis, appeals from the judgment of sentence imposed June 27, 2014, following his jury conviction of two counts each of aggravated assault—attempted to cause serious bodily injury, and simple assault, following an attack on two victims.[1]  Specifically, he challenges the sufficiency of the evidence to support the jury's guilty verdicts for both counts of aggravated assault—attempted to cause serious bodily injury.  We affirm.

The trial court aptly set forth the facts of this case in its July 22, 2016 opinion, as follows.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), respectively

In the instant case, the jury heard that a witness, Melissa Hess, was awoken by a loud noise around 1:30 in the morning and, after hearing people yelling, . . . proceeded outside to smoke. The witness then observed three individuals heckling two men as they walked to their home, which was diagonally across the street from the witness' home. . . . The witness testified that . . . [the] three men proceeded to the victims' location and began throwing punches and kicking the victims when they collapsed. They jury heard that all three aggressors crossed the street together.

The witness testified that [Appellant's] codefendant threw both of the punches that felled the victims. Once the victims dropped, the witness testified that **all three** of the assailants kicked the victims. After the initial onslaught, which the witness testified lasted some minutes, the assailants proceeded home before one of the assailants returned to dump refuse on the victims' bodies. It was then testified that, at this point, **all three** assailants resumed kicking the victims. The witness told the jury that there was a streetlight right outside her home and that she was able to see the events very clearly. The witness also stated that the victims were never aggressive.

The witness to the events told the jury that she was able to inform law enforcement which home the assailants had relocated to and their general descriptions. Moreover, as far as the codefendants on trial, the jury heard that the witness was able to positively identify them on the evening of the event.

The only victim who appeared at trial, George Williams, testified that he recalled telling the assailants he could not hear them and then he saw boots **and** sneakers kicking him. During trial, Mr. Williams identified both codefendants as being assailants. A stipulation was later read to the jury that Mr. Williams was **unable** to identify [Appellant] at a preliminary hearing.

Officer [Clayton] Glatfelter testified that upon his arrival, he found the victims partially lying atop one another and covered in large amounts of trash. Both victims appeared to be unconscious. Officer Glatfelter told the jury that there was so much blood he had to be careful not to step in any of it. Mr. Williams told Officer [Daniel] Kling that one of the suspects lived across the street. Officer Kling found [Appellant] pacing the kitchen in the residence pointed out by Mr. Williams. Officer

[Michael] Ebersole told the jury that when [Appellant] was found in the kitchen, he was washing his hands and was reluctant to come when called by the officers. There was a bloodstain on the sole of [Appellant's] boot, which [Appellant] stated was from working construction. Officer Kling testified that [Appellant] stated he had attempted to stop two individuals beating the victims, but was threatened with knives upon trying to intervene. The jury heard that this story was contradicted by statements [Appellant] made to Officer Kling, prior to *Miranda*[2] warnings, that [Appellant] had stayed in his home and never approached the altercation.

The doctor who treated Jack Corbin[, Dr. Daniel Carney, M.D., Ph.D.,] . . . told the jury that Mr. Corbin had a swollen face and was incontinent at the time of treatment. . . . The doctor testified that Mr. Corbin **did** sustain facial fractures in the frontal sinus, a complex nasal fracture, and a maxillary fracture. The jury heard that these sorts of injuries can result in numbness and loss of motor function. . . . The jury was informed that the bones broken in Mr. Corbin are some of the more durable ones in the face and that they would result from either the impact of a large object or **multiple blows**.

As far as Mr. Williams' injuries, the doctor informed the jury that Mr. Williams suffered a broken mandible with associated hematoma. . . . In the doctor's experience, he has seen injuries like those Mr. Williams suffered associated with significant and insignificant head injuries; but, that, ultimately, the concern is underlying brain injury. Mr. Williams also had a gash stitched in the back of his head. Mr. Williams testified that he has lasting effects of the broken jaw, because he cannot afford to have it fixed. The jury heard from Mr. Williams that his speech has been affected a little and that he experiences pain when eating hard foods.

(Trial Court Opinion, 7/22/16, at 4-8) (record citations and footnote omitted; emphases in original).

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

At the conclusion of trial, the jury found Appellant guilty of two counts each of aggravated assault—attempted to cause serious bodily injury, and simple assault.[3]  On June 27, 2014, the court sentenced Appellant to two concurrent terms of not less than seven nor more than fourteen years of incarceration in a state correctional institution.[4]  This timely appeal followed.[5]

Appellant raises three issues for this Court's review.

1.  Whether the Commonwealth's evidence at trial was sufficient to support the jury's verdict finding that the Appellant [sic] guilty of aggravated assault, specifically that the Appellant participated as a principal, accomplice, or co-conspirator in the assault against the complainants?

---

[3] On the verdict slip, the jury found Appellant not guilty of aggravated assault caused serious bodily injury—George Williams, but found him guilty of aggravated assault attempted to cause serious bodily injury—George Williams.  (**See** Verdict Slip, 5/07/14; **see also** N.T. Sentencing, 6/27/14, at 2).

[4] The trial court merged the simple assault counts with the aggravated assault counts for sentencing purposes.  (**See** N.T. Sentencing, 6/27/14, at 2).

[5] On May 26, 2015, this Court dismissed Appellant's first direct appeal for lack of a counseled brief from Appellant.  After his appeal rights were reinstated by the trial court on September 28, 2015, Appellant filed a second notice of appeal.  On April 13, 2016, this Court again dismissed Appellant's appeal because no brief was filed on his behalf.  Appellant's appeal rights were again reinstated on June 17, 2016.  On July 13, 2016, Appellant filed a notice of appeal together with a concise statement of errors complained of on appeal.  **See** Pa.R.A.P. 1925(b).  The court issued its opinion on July 22, 2016.  **See** Pa.R.A.P. 1925(a).

2. Whether the Commonwealth's evidence at trial was sufficient to support the jury's verdict finding that the Appellant specifically intended to cause serious bodily injury?

3. Whether the trial court erred in denying the Appellant's post-sentence motion challenging the sufficiency of the Commonwealth's evidence to support the jury's verdict?

(Appellant's Brief, at 3) (unnecessary capitalization omitted).

Our standard of review of a challenge to the sufficiency of the evidence is well-settled:

In reviewing sufficiency of evidence claims, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense. Additionally, to sustain a conviction, the facts and circumstances which the Commonwealth must prove, must be such that every essential element of the crime is established beyond a reasonable doubt. Admittedly, guilt must be based on facts and conditions proved, and not on suspicion or surmise. Entirely circumstantial evidence is sufficient so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The fact finder is free to believe all, part, or none of the evidence presented at trial.

*Commonwealth v. Moreno*, 14 A.3d 133, 136 (Pa. Super. 2011), *appeal denied*, 44 A.3d 1161 (Pa. 2012) (citations omitted).

In Appellant's first two issues, which we have combined in our analysis, he challenges the sufficiency of the evidence to support his aggravated assault convictions. (*See* Appellant's Brief, at 7-18). Specifically, he claims that the evidence was not sufficient to prove that he participated in the assault as a principal, accomplice, or co-conspirator, and

did not prove that he intended to cause serious bodily injury. (***See id.***). We disagree.

Pursuant to 18 Pa.C.S.A. § 2702(a), a person commits aggravated assault when he

> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S.A. § 2702(a)(1).

> The Commonwealth, in sustaining an aggravated assault conviction, need only show the defendant attempted to cause serious bodily injury to another, not that serious bodily injury actually occurred. Attempt, for aggravated assault purposes, is found where the accused intentionally acts in a manner which constitutes a substantial or significant step toward perpetrating serious bodily injury upon another. . . .

***Commonwealth v. Galindes***, 786 A.2d 1004, 1012 (Pa. Super. 2001), *appeal denied*, 803 A.2d 733 (Pa. 2002) (citations, quotation marks, and footnote omitted). The Commonwealth may prove that a defendant intended to cause serious bodily injury by circumstantial evidence. ***See Commonwealth v. Holley***, 945 A.2d 241, 247 (Pa. Super. 2008), *appeal denied*, 959 A.2d 928 (Pa. 2008); ***see also Commonwealth v. Rodriquez***, 673 A.2d 962, 966–67 (Pa. Super. 1996), *appeal denied*, 692 A.2d 565 (Pa. 1997) (holding that jury could infer intent to cause serious bodily injury from evidence appellant and confederates punched and kicked lone victim while victim was on ground).

Here, the evidence at trial established that an eyewitness saw three individuals assaulting Mr. Williams and Mr. Corbin. The assailants crossed the street and then proceeded to attack their victims, kicking Mr. Williams while he lay on his front porch. (*See* N.T. Trial, 5/05/14, at 83-84). Then, after the first attack, the individuals returned to the victims and began kicking them again. (*See id.* at 86). The evidence at trial also clearly established that Appellant participated in the attack. The eyewitness who called the police identified Appellant as one of the assailants involved in the attack, and Mr. Williams identified Appellant trial. (*See id.* at 86-89, 108-09). The jury was free to believe all, part, or none of this testimony. *See Moreno*, *supra* at 136.

Considering the foregoing evidence in the light most favorable to the Commonwealth, we conclude that the trial court properly found that it was sufficient to support Appellant's convictions for aggravated assault. *See id.*; *Galindes*, *supra* at 1012; *Rodriguez*, *supra* at 966-67. Appellant's challenges to the sufficiency of the evidence do not merit relief.

In his final issue, Appellant claims that because the evidence was insufficient to support his convictions, the trial court erred in denying his motion for post-trial relief. (*See* Appellant's Brief, at 19). Appellant offers no substantive argument to support his claim, but rather argues he is entitled to relief "[f]or the same reasons presented" in his previous arguments. (*Id.*). As such, he has waived his third issue. *See* Pa.R.A.P. 2101, 2119(a); *see also Commonwealth v. Buterbaugh*, 91 A.3d 1247,

1262 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014) ("The Pennsylvania Rules of Appellate Procedure require that each question an appellant raises be supported by discussion and analysis of pertinent authority, and failure to do so constitutes waiver of the claim.") (citations omitted). Moreover, because we have concluded that the evidence was sufficient to support Appellant's convictions, his claim would not merit relief.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/17/2017</u>