J-S19021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM FREDERICK WINTERS, IV, | |
| Appellant | No. 987 MDA 2016 |

Appeal from the Judgment of Sentence Entered April 20, 2016
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001537-2015

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 19, 2017**

Appellant, William Frederick Winters, IV, appeals from the judgment of sentence of 2 to 5 years' incarceration, imposed after he was convicted, following a non-jury trial, of failing to comply with his registration requirements under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41.  On appeal, Appellant solely challenges the sufficiency of the evidence to sustain his conviction.  After careful review, we affirm.

The trial court briefly summarized the facts and procedural history of Appellant's case, as follows:

> Appellant is a sexual offender who is required to register under … []SORNA[] for a period of 15 years due to a conviction

_____

[*] Former Justice specially assigned to the Superior Court.

for sexual abuse of children based on the possession of child pornography.

Appellant was charged with failing to comply with his registration requirements[1] by failing to notify the Pennsylvania State Police (PSP) within three business days of his change of address from 712 Grace Street to 321 Locust Street.

[1] 18 Pa.C.S. § 4915.1.

Appellant waived his right to a jury trial. A bench trial was held on January 15, 2016. The court found Appellant guilty. On April 20, 2016, the court sentenced Appellant to undergo incarceration in a state correctional institution for a minimum of 2 years and a maximum of 5 years.

Appellant filed a timely post[-]sentence motion, which included a claim that the evidence was insufficient to prove his guilt beyond a reasonable doubt. The court denied Appellant's post[-]sentence motion on May 27, 2015.

Appellant filed a timely appeal.

Trial Court Opinion (TCO), 12/15/16, at 1-2.

Herein, Appellant raises one issue for our review:

I. Did the lower court err when it denied Appellant's motion for judgment of acquittal when the Commonwealth failed to produce sufficient evidence that Appellant failed to register a change of address with in [*sic*] the three requisite business days when [Appellant] registered on August 13, 2015 and was still in the process of moving into the address of 321 Locust Street?

Appellant's Brief at 11.

To begin, we note our standard of review of a challenge to the

sufficiency of the evidence:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. ***Commonwealth v. Moreno,*** 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the

evidence or substitute our own judgment for that of the fact finder. **Commonwealth v. Hartzell**, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. **Moreno, supra** at 136.

**Commonwealth v. Koch**, 39 A.3d 996, 1001 (Pa. Super. 2011).

Appellant challenges the sufficiency of the evidence to sustain his conviction for failing to comply with his registration requirements, which mandate that he "verify his address or be photographed as required under 42 Pa.C.S. § 9799.15…." 18 Pa.C.S. § 4915.1(a)(2). Section 9799.15(g)(2) directs that Appellant must "appear in person at an approved registration site within three business days to provide current information relating to: … (2) A commencement of residence, change in residence, termination of residence or failure to maintain a residence, thus making the individual a transient." 42 Pa.C.S. § 9799.15(g)(2). SORNA defines "residence" as "[a] location where an individual resides or is domiciled or intends to be domiciled for 30 consecutive days or more during a calendar year." 42 Pa.C.S. § 9799.12. Additionally, as Appellant acknowledges, "[a] conviction for failing to register can rest upon the failure of … Appellant to report an additional residence." Appellant's Brief at 17 (citing **Commonwealth v. Hogentogler**, 53 A.3d 866, 876 (Pa. Super. 2012)).

In this case, the trial court summarized the evidence presented at Appellant's trial, as follows:

> The Commonwealth presented testimony from Rhonda Jennings, Frances Stiber, Karen Schooley, Crystal Minnier, Jack Winters, Officer Jason Bolt, Officer Debra Wasilauski and Detective William Weber. The Commonwealth also presented

several exhibits, including Commonwealth Exhibit 6, which showed that Appellant did not register his address as 321 Locust Street until August 13, 2015.

Ms. Jennings was the landlord for the residence at 321 Locust Street. She testified that Appellant and his girlfriend signed the lease for 321 Locust Street on August 3, 2015. On that same date, he paid his rent and security deposit and was given the keys. As far as Ms. Jennings was concerned, Appellant took possession on August 3, 2015.

Frances Stiber, an employee of Lycoming County Children and Youth Services (CYS) testified that on July 30, 2015, Appellant and his girlfriend came to the Sharwell Building for a visit with their daughter and they were talking about all the work they had to do to move. On July 31, 2015, Appellant told Ms. Stiber that he would not be able to attend his visitation on August 3, 2015 due to moving to Locust Street. On August 5, 2015, she also received a telephone call from Appellant cancelling the visit for that day because the basement and some other items still had to be moved and the landlord at 716 Grace Street had given them a couple of days extension to get the rest of those things.

Karen Schooley, another CYS employee, testified that Appellant called her on August 4, 2015 to cancel his visit. He told her that they were still moving and they needed to be moved out of the Grace Street residence that day. On August 6, 2015, Ms. Schooley spoke with both Appellant and his girlfriend. Appellant told her that they were still moving, and the landlord had given them extra time because he had hurt his back. He also told her that they would be attending their visit on Friday, August 7. Later in the day on August 6, Ms. Schooley and Crystal went to their new residence on Locust Street. There were a lot of items in the living room and on the front porch. Appellant also said that they only had cold water and they weren't going to get their gas turned on until the 11th. He also said that his Grace Street landlord had hired people to move the rest of their belongings and he was complaining that they had broken some things.

Crystal Minnier testified that she was at the residence on Locust Street on August 6. She saw fans running so the electricity was on. There was clutter in the residence and on the porch but it was no different from the Grace Street residence;

that was just the way Appellant and his girlfriend lived. On August 13, Appellant called and indicated he would not make his visit that day because he was registering. Ms. Minnier chastised Appellant. She told him that he knew he was moving on August 3, but he wasn't registering until August 13, which was way past the deadline. She told him that "it was really a dangerous game he was playing." He had a daughter now and needed to be in the community and able to do the things he needed to do to be reunified with his daughter.

Appellant's brother, Jack Winters, testified that he resided with Appellant at Grace Street and at Locust Street. He stated that they started moving from Grace Street on August 3. They began staying overnight at the Locust Street residence on August 5. The water and electricity were on, but the gas was not. After August 5, Appellant never returned to Grace Street to sleep. Furthermore, he had a conversation with Appellant about registering the new address. Appellant said he was watching a movie and that was more important; he would just tell them he moved on a later date and they would believe him.

Officer Jason Bolt of the Williamsport Police testified that he was called to 321 Locust Street on August 9 for a disturbance between Appellant and his girlfriend; they were having an argument about the girlfriend not helping with the move. He asked Appellant when he moved because he knew he was a registered sex offender. Appellant told Officer Bolt that he moved on August 3.

Officer Debra Wasilauski of the Williamsport Police testified that on August 11, 2015, she was dispatched to 321 Locust Street for a disturbance between Appellant and his girlfriend.

William Weber, the Chief County Detective, testified that he responded to 321 Locust Street on August 5, 2015 and there were lights on in the residence.

TCO at 3-5.

From this evidence, the trial court concluded:

It is patently obvious from the record that Appellant failed to register within three days of moving to 321 Locust Street. On August 3, 2015, Appellant signed the lease, paid the rent and security deposit, received the keys, and took possession of the residence at 321 Locust Street. He told Officer Bolt that he

moved to that address on August 3. He began exclusively sleeping at that address as of August 5, 201[5]. Both Ms. Minnier and Appellant's brother had conversations with him about his registration requirements. Despite being aware of the requirement to register any change of address within three business days, Appellant did not register his change of address until August 13. Therefore, Appellant's assertion that the evidence was insufficient to prove his guilt beyond a reasonable doubt simply lacks merit.

*Id.* at 5.

We agree with the trial court's conclusion that the evidence was sufficient to sustain Appellant's conviction. The argument Appellant presents on appeal does not convince us otherwise. Specifically, Appellant primarily contends that he "could not have established [the] intent to reside at 321 Locust [Street] until he had completely moved all of his belongings to that address." Appellant's Brief at 15. We disagree. The Commonwealth proved that on August 3, 2015, Appellant signed a year-long lease at 321 Locust Street, paid the rent and deposit, took possession of the keys, and began moving his belongings into that residence. Appellant told Officer Bolt that he moved into 321 Locust Street on August 3, 2015. Even if Appellant had not completely finished moving out of the Grace Street residence, it is clear that he was, at the very least, residing in **both** locations as of August 3, 2015. Therefore, Appellant was required to report his moving into the residence on Locust Street by August 6, 2015. *See Hogentogler*, 53 A.3d at 876.

In any event, we also point out that, according to Appellant's brother, Appellant began sleeping at the Locust Street residence on Wednesday, August 5, 2015. Even if we consider that day as the start of Appellant's

- 6 -

residency on Locust Street, he was required to notify the PSP of his new residence by Monday, August 10, 2015, yet he did not do so until August 13, 2015.[1]

In sum, the Commonwealth's evidence was sufficient to demonstrate that Appellant intended "to be domiciled for 30 consecutive days or more during a calendar year" at the 321 Locust Street residence as of August 3, 2015 at the earliest, or August 5, 2015 at the latest. In either case, his failure to register that new residence until August 13, 2015 constituted an offense under 18 Pa.C.S. § 4915.1(a)(2). Thus, the evidence was sufficient to support Appellant's conviction.

Judgment of sentence affirmed.

---

[1] Appellant repeatedly states that he "attempted to register on August 11, 2015, but could not do so through no fault of his own." Appellant's Brief at 12; *see also id.* at 15, 16, 17. While Appellant claims the parties stipulated to this fact, he fails to cite where in the record any such stipulation was made. *See id.* at 12. Moreover, our review of the transcript reveals that Detective Weber testified that Appellant only called "Central Processing, not the [PSP,]" on August 11th "to set up an appointment" to register. N.T. Trial, 12/16/15, at 50. Because SORNA required Appellant to "***appear in person*** at an approved registration site within three business days" of commencing his Locust Street residency, his August 11, 2015 call to schedule an appointment to register does not satisfy this requirement. *See* 42 Pa.C.S. § 9799.15(g)(2) (emphasis added).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/19/2017</u>