J-A05028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT WILLIAM DUNKEL, JR., | |
| Appellant | No. 563 WDA 2016 |

Appeal from the Judgment of Sentence Entered March 24, 2016
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000631-2015

BEFORE:  BENDER, P.J.E., SHOGAN, J. and MOULTON, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 16, 2017**

Appellant, Robert William Dunkel, Jr., appeals from the judgment of sentence of 1 year less 1 day to 2 years less one day of incarceration, followed by 24 months' probation, imposed after he was convicted of aggravated assault, simple assault, obstructing administration of law, and resisting arrest.  On appeal, Appellant challenges the sufficiency of the evidence to sustain two of his convictions.  After careful review, we affirm.

Following a jury trial in February of 2016, Appellant was convicted of the above-stated offenses based on evidence that he was disruptive and violent during a sentencing hearing in an unrelated case, which culminated in Appellant's fighting with several sheriffs as they attempted to subdue him and place him under arrest.  One of the sheriffs involved in the confrontation with Appellant sustained a cut to her finger.

On March 24, 2016, the court sentenced Appellant to the above-stated term of incarceration for his aggravated assault conviction, as well as a consecutive term of 24 months' probation for simple assault, and concurrent terms of 24 months' probation for his obstructing administration of law and resisting arrest convictions. Appellant filed a timely post-sentence motion, which the court granted to the extent that it vacated Appellant's sentence for simple assault, which should have merged with his aggravated assault conviction for sentencing purposes. The court also modified Appellant's sentence of probation for resisting arrest, directing that it run consecutively to his term of incarceration, thus resulting in the same aggregate sentence as the court initially imposed.

Appellant filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he raises the following two claims for our review:

> [I.] Whether [Appellant] can be convicted of 18 Pa.C.S.A. § 2701 (a) (3) Aggravated Assault[?]
>
> [II.] Whether [Appellant] can be convicted of 18 Pa.C.S.A. § 5101 Obstruction of the Administration of Justice[?]

Appellant's Brief at 3.

In both of his issues, Appellant challenges the sufficiency of the evidence to sustain his convictions.

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light

- 2 -

most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno*, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *Commonwealth v. Hartzell*, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Moreno, supra* at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

Appellant first states that he is attacking his conviction for *aggravated assault*; however, he then discusses the elements of *simple assault*. *See* Appellant's Brief at 10. Even more problematically, Appellant's entire argument is premised on discussing the elements of simple assault as defined in section *2701(a)(3)*, while he was actually convicted of simple assault as defined in section *2701(a)(1)*.[1] The difference between these two provisions is significant: section 2701(a)(3) requires an "attempt[] by physical menace to put another in fear of imminent serious bodily injury[,]" while section 2701(a)(1) requires an "attempt[] to cause or intentionally, knowingly, or recklessly caus[ing] bodily injury to another[.]" 18 Pa.C.S. §§ 2701(a)(1), (a)(3). Again, the entirety of Appellant's argument pertains to the elements of section 2701(a)(3). *See* Appellant's Brief at 11 (arguing that "[t]he element of

---

[1] We recognize that Appellant was *charged* with simple assault under section 2701(a)(3), but at trial, the Commonwealth moved for that charge to be amended to section 2701(a)(1). *See* N.T. Trial, 2/10/16, at 62. The court granted that amendment without objection from Appellant. *Id.* at 63. Therefore, the jury was charged with simple assault as defined in section 2701(a)(1), *id.* at 101-02, and it convicted Appellant of that offense.

physical menace cannot be satisfied[,]" and he "did not put anyone in fear of imminent serious bodily injury"); *id.* at 12 (arguing that a cut to a finger does constitute serious bodily injury). Because Appellant does not present any meaningful argument regarding the elements of simple assault as defined in section 2701(a)(1), his first issue is meritless.

In Appellant's next issue, he challenges the sufficiency of the evidence to sustain his conviction for obstructing administration of justice, an offense which is defined as follows:

> A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

18 Pa.C.S. § 5101.

In this case, the thrust of Appellant's argument is that he was not the aggressor of the physical confrontation with the deputy sheriffs in the courtroom. According to Appellant, he merely made verbal comments that did not disrupt the sentencing proceeding, and he was then attacked by the deputies. He maintains that he did not commit any "affirmative act[,]" and that "[t]he Commonwealth cannot prove intent to obstruct because [Appellant] was obnoxious and noisy." Appellant's Brief at 16. Appellant also contends that his physical confrontation with the deputies began *after*

the court announced a recess for an unrelated reason and, therefore, "[t]here were no ongoing proceedings" that were obstructed. *Id.* at 8, 17.

Appellant's version of his conflict with the deputy sheriffs is completely contradicted by the evidence presented at his trial. There, Deputy Sheriff Eric McLafferty testified that he was working in courtroom number two on February 24, 2015, when Appellant was called before the court for a sentencing hearing in an unrelated case. N.T. Trial, 2/10/16, at 6-7. Deputy McLafferty explained that the victim in that case came forward to read a statement to the court and, as she did, Appellant "began sighing heavily[,]" making "snorts of derision[,]" and other "short utterances … that would interrupt … her speaking where she would have to stop, … and then … pick back up and resume…, which was interrupting the proceeding." *Id.* at 10-11. Deputy McLafferty moved "within an arm's distance" of Appellant "in an attempt … to dissuade him from that type of behavior." *Id.* at 11, 13. Nevertheless, Appellant's "behavior did not stop" but, instead, he "continued to escalate[,]" becoming "a little bit louder" and "more frequent" in his comments and noises. *Id.* at 15.

At that point, Deputy McLafferty told Appellant that "he need[ed] to calm down[,]" but that verbal command "really had no effect…." *Id.* at 16. The deputy then decided to "remove [Appellant] temporarily … to the side" of the courtroom in order to calm him down so the proceeding could finish. *Id.* Deputy McLafferty testified that he placed "an open hand on [Appellant's] elbow" and "said, [']come on have a seat over here at the

- 5 -

bench[']." *Id.* at 16, 17. Appellant's counsel followed the deputy and Appellant to the bench on the side of the courtroom where Appellant sat down, and counsel spoke softly to Appellant, trying to get him to calm down because court was still in session. *Id.* at 18-19.

However, Appellant's behavior continued to escalate, with his "outbursts … getting louder" and "more frequent." *Id.* at 19-20. Deputy McLafferty testified that at that point, the judge had "to call for a recess" so "matters could be brought back under control." *Id.* at 21-22. The deputy explained that as the judge began "to walk off the bench" toward his chambers, Appellant "got up out of his seat" and moved "right into [Deputy McLafferty] knocking [him] back … a couple of steps." *Id.* at 22. The deputy then decided to take Appellant into custody, but Appellant began shoving Deputy McLafferty, seemingly "trying to get [the deputy] … out of [the] way or go directly through [him]…." *Id.* at 23. Ultimately, it took two other deputies, and Deputy McLafferty, to restrain Appellant and handcuff him. *Id.* at 24-25.

In sum, the testimony of Deputy McLafferty sufficiently established that Appellant intended to - and did - obstruct the court proceeding that was taking place. Appellant ignored repeated requests from Deputy McLafferty and his attorney to calm down, and he escalated the situation into a physical confrontation that took several deputies to quell. Appellant's conduct resulted in the court's "adjourn[ing] the … hearing" until the deputies "could bring the courtroom back under control." N.T. Trial, 2/10/16, at 27.

Clearly, this evidence was sufficient to sustain Appellant's conviction for obstructing administration of law.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017