J-S24008-20

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
STEVEN MUTZ :
:
Appellant : No. 2783 EDA 2019

Appeal from the Judgment of Sentence Entered September 6, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000204-2019

BEFORE: BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED JULY 08, 2020**

Appellant, Steven Mutz, appeals from the judgment of sentence of time-served to 90 days' incarceration, imposed after he was convicted of disorderly conduct under 18 Pa.C.S. § 5503(a)(2). Appellant solely challenges the sufficiency of the evidence to sustain his conviction. We affirm.

The trial court summarized the facts of Appellant's case, as follows:

On January 7, 2019, around 8:30 to 8:45 AM, Rebecca Holder, Director of Operations for Billy's Downtown Diner, was heading to the diner's Allentown location at 840 West Hamilton Street, Allentown, when she received a phone call from one of the servers, Yesica Hernandez. Ms. Hernandez advised Ms. Holder that [Appellant had] entered the restaurant, handed her a bag of books and stated it would only stop ticking if he made it stop ticking. [Appellant] then left the restaurant.

Ms. Holder subsequently arrived at the restaurant around 9:45 to 10:00 AM. She observed [Appellant] walking down Hamilton Street in front of the restaurant, and told the host to call

_____

[*] Retired Senior Judge assigned to the Superior Court.

the police. Ms. Holder then saw [Appellant] approaching the front door. At this time, she went to the door and told [Appellant] he could not enter the restaurant. [Appellant] said he was coming in and he wanted his books back. Both parties were speaking in a normal tone at this point. Ms. Holder advised [Appellant] that she called the police, and that he could get his books when they arrived. [Appellant] became agitated, got very close to her and was screaming about wanting to get his books. Ms. Holder admittedly yelled back at [Appellant]. The interaction lasted about 2-3 minutes[,] during which time guests of the restaurant were waiting to enter and exit, but were unable to do so. Guests dining inside the restaurant were standing at the windows looking outside at what was going on. Additionally, some guests asked Ms. Holder if she needed "back up." The police arrived and took [Appellant] to the side of the restaurant. Thereafter, police charged [Appellant].

Trial Court Opinion (TCO), 11/27/19, at 1-2 (footnotes omitted).

After a jury trial on September 6, 2019, the court found Appellant guilty of disorderly conduct. He was immediately sentenced as set forth *supra*. Appellant filed a timely notice of appeal, and he also timely complied with the court's order to file a Pa.R.A.P. 1925(b) statement. The court filed its Rule 1925(a) opinion on November 27, 2019. Herein, Appellant raises a single issue for our review: "Whether the evidence was sufficient to sustain [Appellant's] conviction[] for disorderly conduct - noise[?]" Appellant's Brief at 7.

To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno*, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the

evidence or substitute our own judgment for that of the fact finder. **Commonwealth v. Hartzell**, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. **Moreno, supra** at 136.

**Commonwealth v. Koch**, 39 A.3d 996, 1001 (Pa. Super. 2011).

Appellant was convicted of disorderly conduct under section 5503(a)(2), which states: "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he … makes unreasonable noise[.]"  18 Pa.C.S. § 5503(a)(2). According to Appellant, the Commonwealth failed to prove the *mens rea* of this offense. He insists that the evidence was insufficient to demonstrate

> that he was acting with the purpose of causing a public inconvenience, annoyance, or alarm. Rather, as his statements made clear, he was yelling at the manager to get her to give him the books that he had left at the business establishment. The fact that he may have yelled and raised his voice, while annoying, was not sufficient to sustain the criminal charge.

Appellant's Brief at 9.

Appellant's argument is unconvincing. As the trial court stressed:

> There was evidence that [Appellant's] volume was inappropriate for the place where it occurred: outside a packed restaurant during its busy time. There was evidence that the public heard him to the point where diners got up and stood at the window to see what was going on. His volume was such that other diners asked M[s.] Holder if she needed assistance. Finally, it is clear that [Appellant] caused public inconvenience[,] as the incident prevented diners from exiting and entering the establishment.

TCO at 3. Ms. Holder's testimony supports the trial court's conclusion that Appellant intentionally caused — or at least recklessly disregarded the risk of causing — public inconvenience, annoyance, or alarm by screaming at Ms.

Holder in the entranceway of the busy restaurant.  **See** N.T. Trial, 9/6/19, at 12, 15-16.  Therefore, the evidence was sufficient to sustain his conviction for disorderly conduct.  **See Commonwealth v. Troy**, 832 A.2d 1089, 1094 (Pa. Super. 2003) ("The specific intent requirement of [the disorderly conduct] statute 'may be met by a showing of a reckless disregard of the risk of public inconvenience,' annoyance, or alarm, even if the appellant's intent was to send a message to a certain individual, rather than to cause public inconvenience, annoyance, or alarm.") (citation omitted).

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/8/2020*