J-S10006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM V. CHIKONYERA, | |
| Appellant | No. 3830 EDA 2015 |

Appeal from the Judgment of Sentence Entered November 24, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001033-2015

BEFORE:  BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 01, 2017**

Appellant, William V. Chikonyera, appeals from the judgment of sentence of 4 years' probation, imposed after he was convicted, following a non-jury trial, of retail theft, 18 Pa.C.S. § 3929(a)(1), and criminal conspiracy, 18 Pa.C.S. § 903(a)(1).  On appeal, Appellant solely challenges the sufficiency of the evidence to sustain his convictions.  We affirm.

Briefly, Appellant was arrested and charged with the above-stated offenses based on his and a cohort's theft of two computer monitors from a Walmart store located in Philadelphia.  Appellant proceeded to a non-jury trial and was ultimately convicted of retail theft and criminal conspiracy.  On November 24, 2015, he was sentenced to an aggregate term of 4 years' probation.  Appellant filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement.  The court filed a responsive opinion on March 21, 2016.  Herein, Appellant

presents one issue for our review, challenging the sufficiency of the evidence to sustain his convictions. *See* Appellant's Brief at 3.

To begin, we note that:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno*, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *Commonwealth v. Hartzell*, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Moreno, supra* at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

Again, Appellant was convicted of retail theft and criminal conspiracy. Retail theft is defined in the Crimes Code, as follows:

> **(a) Offense defined.--**A person is guilty of a retail theft if he:
>
> > (1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof;

18 Pa.C.S. § 3929(a)(1). Additionally, criminal conspiracy is defined as:

> **(a) Definition of conspiracy.--**A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> > (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903(a)(1)-(2).

In this case, Appellant presents a very cursory argument in challenging the sufficiency of the evidence to sustain his convictions. Essentially, he maintains that the evidence demonstrated only that he was present at the scene while his cohort committed the retail theft. After reviewing the record, we disagree. The evidence presented at Appellant's trial, as summarized by the trial court below, was clearly sufficient to prove that he committed both retail theft and criminal conspiracy:

> Omar Santos ("Mr. Santos") testified that on May 12[], 2014, at 11:20 [a.m.], he worked as a security officer at the Walmart located at One Franklin Mills Boulevard in the city and county of Philadelphia. From the store security cameras, Mr. Santos observed a male named Mr. Markeece ("Markeece") place two computer monitors into a shopping cart. Markeece then left the shopping cart with [] Appellant who proceeded to rip the security devices off [] the two computer monitors. Accordingly, once Mr. Santos saw the security devices being ripped off the monitors he contacted the police. Shortly after, Mr. Santos watched Markeece and [] Appellant exit the store. Markeece pushed the shopping cart, while [] Appellant walked along side [sic] of the shopping cart. [] Appellant and Markeece passed all points of sale, made no attempt to purchase the computer monitors, and no receipts were provided for the items.
>
> Mr. Santos approached both suspects outside on the sidewalk and identified himself as a security officer. In response, Appellant started quickly walking to his car, while Markeece talked to Mr. Santos. As Mr. Santos spoke to Markeece, the police arrived on scene. Markeece abandoned the computer monitors in the shopping cart on the sidewalk, and took off running.

Officer Jared Attewell, of the Philadelphia Police Department, arrived to the Walmart in response to Mr. Santos'[s] phone call. Upon his arrival, Officer Attewell observed Mr. Santos['s] pointing to Markeece, who [the officer] observed run and attempt to get into the already moving vehicle being driven by [] Appellant. Officer Attewell then stopped the vehicle and placed both [] Appellant and Markeece under arrest. Mr. Santos identified Markeece and [] Appellant as the two individuals that took the shopping cart out of the store without paying.

Trial Court Opinion, 3/21/16, at 1-2 (citations to the record omitted).

This evidence clearly belies Appellant's argument that he was merely present at the scene when Markeece stole the computer monitors. Appellant and Markeece obviously intended to steal the monitors, agreed to do so together, and both men committed overt acts in furtherance of that conspiracy. *See Commonwealth v. Galindes*, 786 A.2d 1004, 1010 (Pa. Super. 2001) ("A conspiracy conviction requires proof of (1) an intent to commit or aid in an unlawful act, (2) an agreement with a co-conspirator and (3) an overt act in furtherance of the conspiracy.") (citation omitted). Specifically, Markeece put the monitors into the cart, and Appellant removed their security tags, thus suggesting an intent to steal those items. The two men then walked out of the store together, with the cart containing the monitors. Neither Appellant nor Markeece attempted to pay for the monitors, further demonstrating their intent to steal them. Finally, when confronted by Mr. Santos outside the store, Appellant quickly walked away, and then subsequently assisted Markeece in fleeing from Officer Attewell by driving the get-away car. Appellant's and Markeece's flight indicated their

consciousness of guilt, and the court was free to consider it, along with the other evidence produced by the Commonwealth, in finding Appellant guilty. *See Commonwealth v. Hargrave*, 745 A.2d 20, 23 (Pa. Super. 2000) (citations omitted). Therefore, the evidence was more than sufficient to prove that Appellant committed retail theft and criminal conspiracy.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2017