J-A28042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENRY CHRISTOPHER MALONEY | : | |
| | : | |
| Appellant | : | No. 377 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 29, 2018
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000297-2017

BEFORE:   PANELLA, P.J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED FEBRUARY 26, 2020**

Appellant, Henry Christopher Maloney, appeals from the judgment of sentence entered in the Court of Common Pleas of Pike County, which sitting as finder of fact in Appellant's non-jury trial found him guilty of Driving Under the Influence—Second Offense ("DUI"), pursuant to 75 Pa.C.S.A. § 3802(a)(2).  Sentenced to a period of incarceration of not less than two nor more than six months, Appellant challenges the trial court's rejection of his affirmative defense that police entrapment caused his DUI.  We affirm.

At Appellant's non-jury trial of August 20, 2018, Corporal Daniel Nilon of the Pennsylvania State Police[1] testified that, on August 20, 2016, he and a

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Corporal Nilon explained at trial that he still held the rank of trooper during the time relevant to this case.  For ease of discussion, therefore, we will refer to Corporal Nilon as "Trooper Nilon" or "the trooper" throughout the memorandum decision.

fellow trooper responded to a dispatch reporting an attempted child luring into a vehicle. N.T. 8/20/18, at 25. At the scene, he interviewed two juvenile boys between the ages of five and ten years old, with their parents present, and recorded their allegations that Appellant had attempted to convince at least one of them to sit inside his vehicle with him. N.T. at 25, 51-52.[2]

Trooper Nilon went to Appellant's residence to interview him about the allegations. Appellant's son, however, answered the door and informed the trooper Appellant was not home. The son used his cell phone to call Appellant, but he said he received no answer. Trooper Nilon explained to Appellant's son the reason for their visit and afterward returned to the patrol vehicles when the son came out moments later and said he was able to reach Appellant on the phone. N.T. at 26.

Trooper Nilon spoke with Appellant through his son's speakerphone. Specifically, he testified, "I spoke to [Appellant] briefly. I asked where he was, he refused to tell me. I asked to speak or to meet with him and he refused to tell me where he was and then he hung up the phone and said he had nothing to tell me." N.T. at 26-27. The trooper said he had no further telephone contact with Appellant, but he acknowledged noticing Appellant's slurred speech during the conversation. N.T. at 27, 45.

Trooper Nilon testified he told Appellant's son that a warrant would probably issue against Appellant if Appellant refused to speak with the trooper.

---

[2] The ultimate resolution of the luring investigation is not germane to the present appeal.

- 2 -

N.T. at 43, 46. The trooper went outside again and the son came out minutes later to report Appellant was on his way to the house. N.T. at 27. The troopers decided to spread out in the neighborhood in anticipation of his arrival, but they reached only the end of the short residential street when they encountered Appellant's car. N.T. at 28. They discerned that Appellant appeared intoxicated, conducted field sobriety tests, and arrested him for DUI. A subsequent breath test performed on Appellant registered a .092% BAC. N.T. at 35.

In defending against the Commonwealth's DUI case,[3] Appellant advanced an entrapment theory based on testimony that Trooper Nilon directed him to drive to his home despite Appellant's admission that he had been drinking. N.T. at 59. The trooper did so, Appellant testified, by expressly warning him "if you don't drive over here now to talk to us, there's going to be an APB put out for your arrest." N.T. at 59. Appellant's son and his son's girlfriend also testified to this effect, each alleging that Trooper Nilon told Appellant directly that an "APB" would issue against him if he did not drive home at that instant. N.T. at 69, 76.

Contesting the allegation of entrapment, Trooper Nilon repeatedly testified that in his brief phone conversation with Appellant he asked where Appellant was and if he could meet with Appellant. N.T. at 41, 42, 44. He

---

[3] The Commonwealth prosecuted two counts of DUI, one at subsection (a)(1), incapable of safe driving, and one at subsection (a)(2), general impairment (BAC .08-.10).

denied directing or even asking Appellant to drive home, stating, "I never told him to come to the residence. I asked him where he was and if I can meet with him." N.T. at 44. His conversation with Appellant was brief, the trooper testified, because Appellant replied that he had nothing to tell the trooper and hung up on him. N.T. at 45, 46, 51.

In addition to Trooper Nilon's testimony, the Commonwealth also produced an audio recording of the phone conversation between the trooper and Appellant as captured by a microphone worn on the trooper's lapel in the ordinary course of his duty. N.T. at 79-80 (explaining how the microphone was part of an audio/video recording system routinely employed during investigations of alleged criminal investigations). The audio recording established that Trooper Nilon neither directed Appellant to drive home nor warned him that a warrant would issue against him if he failed to do so. N.T. at 81-83.

At the conclusion of evidence, the court considered oral argument and then took the matter under advisement. N.T. at 84-90. In reaching a verdict, the court first made relevant findings of fact that Appellant failed to prove by a preponderance of the evidence that police entrapment caused him to commit DUI. Further concluding the Commonwealth proved beyond a reasonable doubt each element of DUI at 75 Pa.C.S.A. § 8802(a)(2), the court found Appellant guilty on that count. The court acquitted Appellant on the second DUI charge at subsection 8802(a)(1). On November 29, 2018, as noted *supra*, the court imposed a two to six month sentence.

Appellant filed a timely post-sentence motion arguing his verdict was against the sufficiency or, in the alternative, the weight of the evidence given his presentation of entrapment testimony. The court conducted a hearing on the matter on January 10, 2019, after which it entered an order denying the motion. This timely notice of appeal followed.

In Appellant's "Statement of Questions Involved," he raises six issues that coalesce to challenge the sufficiency of the evidence because he presented an entrapment defense warranting judgment of acquittal. First, we observe our standard of review of a challenge to the sufficiency of the evidence:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno*, 14 A.3d 133 (Pa.Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *Commonwealth v. Hartzell*, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Moreno*, *supra* at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa.Super. 2011).

Appellant presents a two-prong challenge to the trial court's rejection of his entrapment offer of proof. Not only were defense witnesses' testimonies sufficiently credible to prove entrapment, Appellant argues, Trooper Nilon's testimony, standing alone, also proved Appellant's entrapment defense. On this latter point, Appellant specifically contends Trooper Nilon's

acknowledgment that he told Appellant's son a warrant would likely issue if Appellant did not talk to the trooper was sufficient evidence that he improperly induced Appellant to drive while intoxicated, for it was foreseeable that Appellant would drive home when the son relayed this message. For the reasons that follow, we disagree.

The Pennsylvania Crimes Code makes clear that "a person prosecuted for an offense shall be acquitted if he proves ... that his conduct occurred in response to an entrapment." 18 Pa.C.S. § 313(b).[4] An entrapment defense does not deny that the defendant committed the charged offense, but rather constitutes an affirmative defense. **Commonwealth v. Joseph**, 848 A.2d 934, 938 (Pa. Super. 2004). A successful entrapment defense requires the

_____

[4] Entrapment is defined as follows:

> **(a) General rule.**--A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:
>
> > (1) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or
> >
> > (2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.

18 Pa.C.S. § 313(a).

defendant to prove by a preponderance of the evidence that the conduct of the police or an agent of the police reached such a "level of outrageousness" as to "make a reasonable person feel compelled to commit the crimes." *Commonwealth v. Zingarelli*, 839 A.2d 1064, 1073-74 (Pa. Super. 2003).

A review of the record in light of these standards leads us to agree with the trial court that Appellant did not carry his burden of proof. In this respect, we readily dismiss the first prong of Appellant's argument in which he alleges court error with its credibility determination discrediting the defense witnesses' respective and collective testimonies.

Our standard of review prohibits us from disturbing credibility determinations that have support in the record, as is the case here. Critically, the Commonwealth indisputably established that all three defense witnesses misrepresented what Trooper Nilon said to Appellant during their phone conversation with one another, as he did not direct Appellant, as they falsely claimed, to return to his home immediately lest he become the subject of an APB. The court, therefore, was free to discredit the entirety of their testimonies in favor of crediting Trooper Nilon's, such that we discern no error in its choosing to do so.

With respect to the second prong of Appellant's argument, that Trooper Nilon's testimony established the elements of entrapment, the record does not sustain his assertion. Appellant's argument turns on the trooper's testimony that he informed Appellant's son that a warrant would likely issue if Appellant refused to speak with the trooper about the allegations. Trooper Nilon made

this statement immediately after Appellant abruptly declined the trooper's offer to conduct the interview at Appellant's current location and hung up the phone. Minutes later, the son emerged from his house to tell the troopers that Appellant was on his way.

Reviewing the record in a light most favorable to the Commonwealth as verdict winner, we find no error in the trial court's conclusion that Trooper Nilon reasonably attempted to talk with Appellant about the allegations against him and appropriately explained to the son the potential consequences of Appellant's abrupt refusal to do so. In neither conversation did the trooper issue a directive or request that Appellant drive home.

There is no showing by a preponderance of the evidence that Trooper Nilon's statement to Appellant's son reached a "level of outrageousness" "mak[ing] a reasonable person" in Appellant's position "feel compelled to commit the crimes." **See Zingarelli**, **supra**. Contrary to the defense witnesses' false assertions, Trooper Nilon never said that a warrant would issue if Appellant did not drive home immediately. Rather, the court credited the trooper's testimony that he predicated the possibility of an APB only on Appellant's refusal to speak with the trooper. This message was consistent with the audio recording of Trooper Nilon's conversation with Appellant wherein he suggested that they talk over the phone or at Appellant's then-current location. Appellant, however, acted on his own accord to drive home after speaking with his son.

Therefore, given the absence of outrageous police conduct likely to make a reasonable person commit a crime, we discern no error with the trial court's determination that Appellant failed to set forth a viable entrapment affirmative defense. As such, the present appeal merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/20