J-S44011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                    :   PENNSYLVANIA
                                                    :
              v.                           :
                                                    :
                                                    :
AARON JAY BOOTERBAUGH            :
                                                    :
            Appellant                :   No. 2067 MDA 2019

Appeal from the Judgment of Sentence Entered December 12, 2019
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000467-2019

BEFORE:  BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:        **FILED OCTOBER 29, 2020**

Appellant, Aaron Jay Booterbaugh, appeals from the judgment of sentence of 60 to 120 days' incarceration, followed by 12 months' probation, imposed after a jury convicted him of fleeing or attempting to elude a police officer, 75 Pa.C.S. § 3733(a); driving while operating privileges are suspended or revoked, 75 Pa.C.S. § 1543(b)(1); reckless driving, 75 Pa.C.S. § 3736(a); and failure to obey traffic-control signals, 75 Pa.C.S. § 3112(a)(3)(i). Appellant challenges the sufficiency of the evidence to sustain his convictions. After careful review, we affirm.

Briefly, Appellant's convictions stem from evidence that he led a police officer, Sergeant John Mohl of the Pottsville Bureau of Police, on a high-speed chase after the sergeant attempted to stop the truck that Appellant was driving.  While Appellant escaped Sergeant Mohl during the pursuit, he was subsequently arrested.  On October 23, 2019, a jury convicted him of the

above-stated crimes. On December 12, 2019, Appellant was sentenced to the term set forth, *supra*.

Appellant filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on February 13, 2020. Herein, Appellant states one claim for our review:

> 1. Was the evidence insufficient as a matter of law to sustain [Appellant's] convictions for all charges where the Commonwealth's evidence failed to establish that [Appellant] was the driver of the motor vehicle in question?

Appellant's Brief at 4.

To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. ***Commonwealth v. Moreno***, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. ***Commonwealth v. Hartzell***, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. ***Moreno, supra*** at 136.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011).

In this case, Appellant claims that "the defense evidence established that it would have been impossible for [Sergeant Mohl] to see into the suspect truck." Appellant's Brief at 10. Therefore, he contends that Sergeant Mohl's testimony identifying him as the driver of the truck was insufficient to support

his convictions because it "was clearly contradicted by the laws of nature and human experience." *Id.* at 7 (relying on *Commonwealth v. Santana*, 333 A.2d 876 (Pa. 1975), and *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993)).

We have reviewed the arguments made by Appellant, the cases on which he relies, and the certified record before us. We have also examined the thorough opinion of the Honorable James P. Goodman of the Court of Common Pleas of Schuylkill County. We conclude that Judge Goodman's well-reasoned decision accurately disposes of the arguments presented by Appellant, and convinces us that the facts of this case are distinguishable from those in *Santana* and *Karkaria*.[1] Therefore, we adopt Judge Goodman's decision as our own, and affirm Appellant's judgment of sentence for the reasons set forth therein.

Judgment of sentence affirmed.

---

[1] Namely, unlike in those decisions — where the testimony by the Commonwealth's witnesses was wholly belied by other evidence and/or logic — the evidence presented by Appellant did not render Sergeant Mohl's testimony unable to be believed. Instead, the jury was free to reject Appellant's evidence, and credit the sergeant's testimony, as Judge Goodman explains in his opinion. *See* Trial Court Opinion, 2/13/20, at 5.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2020

IN THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :    NO. 467-2019
                                :
            v.                  :
                                :    2067 MDA 2019
AARON BOOTERBAUGH,              :
            Defendant/Appellant :


OPINION PURSUANT TO PA R.A.P. 1925

GOODMAN, J.

The Defendant was charged with one count of Fleeing or Attempting to Elude Police Officer; *75 Pa. C.S. §3733(a)* and the following summary offenses: Driving While Operating Privileges are Suspended; *75 Pa. C.S. §1543(b)(1)*, Reckless Driving; 75 Pa. C.S. §3736(a), and Obedience to Traffic Control Signals; *75 Pa. C.S. §3112(a)(3)(i)*. After a jury trial held on October 23, 2019 the Defendant was found guilty of all offenses. On December 12, 2019, the Court sentenced the Defendant to 60 days to 120 days on the charge of Driving While Operating Privileges are Suspended and a sentence of 12 months probation concurrent on the Fleeing charge. The Court imposed fines for the other two summary offenses.

On December 20, 2019, the Defendant filed a timely notice of appeal. By Order of Court dated December 23, 2019 the Court ordered the Defendant to file a Concise Statement of Matters Complained of on Appeal. The Defendant filed his Statement of Matters Complained of on Appeal where the Defendant raised the following issue:

> The evidence was insufficient to sustain Defendant's convictions because the identification evidence was not supported by and was in fact contradicted by the evidence adduced at trial.

The facts found credible by this Court was that at approximately midnight on February 19, 2019, Sgt. John Mohl of the Pottsville Police was in a marked police vehicle parked at the A Plus in Pottsville. Sg. Mohl was monitoring traffic at the intersection of Route 61 and East Norwegian Street when he observed a dark in color truck with a right head light out. The head light out on the vehicle got the officers attention and when the vehicle passed the officer the driver of the vehicle gave the officer a hard look. The officer testified that the driver stared at him and gave the officer a good look at the driver. Based on the head light being out, the officer proceed on Route 61 and began following the vehicle to initiate a vehicle stop. The officer followed the vehicle a short distance south on Route 61 when the officer activated his emergency lights. The vehicle turned into the Dunkin Donuts parking lot and Sgt. Mohl called in the vehicle stop. The officer ran the license plate of the vehicle and it came back to Barry Booterbaugh. While the vehicle was parked in the Dunkin Donut parking lot, Sgt. Mohl positioned his spot light so that he had a clear view of the driver's rear view mirror. Sgt. Mohl testified that he could clearly see the face of the driver of the vehicle in the mirror and the driver was again giving him a hard look. At trial Sgt. Mohl was able to identify the Defendant as the driver of the vehicle.

Sgt. Mohl testified that due to the fact that the driver was giving him two hard looks gave him a heightened sense of awareness. Sgt. Mohl felt something was amiss with the vehicle stop so he deliberately slowed down his process. As Sgt. Mohl opened his door to go to speak to the driver of the vehicle, the vehicle sped off through the parking lot, Sgt. Mohl called the communication center to let them know that the vehicle that he had stopped was now fleeing. Sgt. Mohl followed the vehicle through City streets where the vehicle failed to stop at a red traffic control device at Center Street and Maunch Chunk Street. Sgt. Mohl testified that the

2

driver was traveling at a high rate of speed and was disregarding traffic control signals. Sgt. Mohl followed the subject vehicle on City streets to Cressona Road, which is a very windy road with several sharp curves. The vehicle was traveling at a high rate of speed and swerving off into the other lane of travel. The vehicle, which was a Dodge Ram Dakota proceeded unto trails and the officer ended his pursuit.

Based on the registration information from the vehicle obtained by Sgt. Mohl he was able to do some research through JNET and Penn Dot to obtain driving records and he came up with Barry Booterbaugh. Barry Booterbaugh's year of birth is 1962. Sgt. Mohl testified that the young man in the vehicle that he saw on the night in question was not Barry Booterbaugh. Sg. Mohl researched the Defendant who is the son of Barry Booterbaugh and his facial description matched the description of the operator that Sgt. Mohl saw in the vehicle. In court Sgt. Mohl was able to positively identify the Defendant as the driver of the vehicle on the night in question. The Commonwealth entered into the record the certified driving history of the Defendant showing that his driver's license was suspended DUI related.

The Defendant challenges the sufficiency of the evidence as to his convictions. The Superior Court reviews a challenge to the sufficiency of the evidence as follows:

> In reviewing sufficiency of evidence claims, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense. Additionally, to sustain a conviction, the facts and circumstances which the Commonwealth must prove, must be such that every essential element of the crime is established beyond a reasonable doubt. Admittedly, guilt must be based on facts and conditions proved, and not on suspicion or surmise. Entirely circumstantial evidence is sufficient so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Any doubts regarding a Defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The fact finder is free to believe all, part, or none of the evidence presented at trial.

3

*Commonwealth v. Moreno*, 14 A.3d 133, 136 (Pa. Super. 2011) (citations omitted), appeal denied, 44 A.3d 1161 (Pa. 2012).

The Defendant contends that the identification evidence was contradicted by the evidence at trial. The Defendant contends that the officer was not able to see the face of the driver of the vehicle in question because it was too dark outside on the night in question. To support his position the Defendant presented the testimony of his friend, David Fessler. Mr. Fessler testified that in order to help out the Defendant he took videos and pictures. He took videos in the evening between 7:30pm and 8:00pm in early October 2019 from the APlus in Pottsville looking out on Route 61. Mr. Fessler testified that it was a clear night out and dark when he took the video. He was taping traffic going past to see if there was a way to see in the vehicles that were driving past. The video taken by Mr. Kessler was shown to the jury and it was difficult to see the drivers of the vehicles driving on Route 61 in the video.

Mr. Fessler also testified that he took photographs of the Defendant's blue Dodge pickup truck. He testified that he took a number of photographs in the truck, in the dark, outside of a friend's house in Brier City. He testified as that he put his high beams on the rear view mirror when he took the photographs. The photographs of the truck were presented to the jury and it was difficult to see in the windows in the photographs. In the photographs of the vehicle, the truck was very dirty. The witness testified that he did not know if the truck was dirty on the night in question.

After Mr. Kessler testified the Commonwealth recalled Sgt. Mohl who testified that the videos presented by the Defendant in court did not represent what he saw in February because there would have been leaves on the trees when the videos were taken and that would change the lighting. He also testified that the clarity of the video was not what he would have seen with the

4

naked eye. He also testified that there was a glare on the camera in the videos. He testified that the videos do no accurately represent what he saw on the evening of the stop.

Sgt. Mohl also testified that the photographs of the pick-up truck were not the condition of the vehicle at the time of the incident in February. He testified that in the photographs of the vehicle the rear view mirror were obscured with dirt and that is not how the vehicle appeared on the night in question. He also testified that the lighting in the photographs do not accurately represent the lighting on the night in question. He testified that he had his spot light directly on the rear view mirror and also that he had his emergency red and blue lights on along with the lighting from the Dunkin Donuts. He again testified that the Defendant gave him a hard look and it framed the Defendant's face in the mirror like a picture.

As stated above, any doubt regarding a Defendant's guilt must be resolved by the fact finder. The fact finder is free to believe all, part, or none of the evidence presented at trial. Here the jury and this member of Court both found Sgt. Mohl's testimony credible that he could see the driver of the vehicle on the night in question driving on Route 61 and also in the Dunkin Donuts parking lot. Also, the jury and this court did not give much weight to the video and photographs presented by the Defendant that were taken in October under different conditions. Thus, the evidence was sufficient to sustain the Defendant's conviction.