J-A11012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVON G. FARQUHARSON, JR. | : | |
| | : | |
| Appellant | : | No. 637 WDA 2020 |

Appeal from the Judgment of Sentence Entered February 11, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000109-2019

BEFORE:  McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: September 8, 2021**

Devon G. Farquharson, Jr. appeals from the judgment of sentence entered after a jury found him guilty of four charges relating to failure to comply with sex offender registration requirements. Farquharson challenges the weight and sufficiency of the evidence and argues that his convictions and designation as a sexually violent predator ("SVP") were unconstitutional, pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). He also contends that a faulty jury charge, improper testimony, and the prosecutor's argument so prejudiced him that he is entitled to a new trial. We affirm.

In 2003, Farquharson committed a sexual offense that required him to register monthly as a sex offender. In addition, he was found to be an SVP in a related proceeding. Trial Ct. Op., filed 07/29/20, at 1.

On July 19, 2017, the Pennsylvania Supreme Court decided **Muniz**. That decision held that the application of the Sex Offender Registration and

Notification Act ("SORNA") violated the *Ex Post Facto* Clauses of the federal and state constitutions. Following the decision, the registration statuses of certain offenders, including Farquharson, changed to "Pending – Review" in the Pennsylvania State Police computer systems. **See** Farquharson's Br. at 11.

Farquharson complied with his monthly registration requirements in December of 2017, January of 2018, and February of 2018. During those months, Farquharson registered as a transient.

In response to the uncertainty surrounding the registration laws, in February 2018, the General Assembly passed, and Governor Tom Wolf signed into law, Act 10 of 2018.[1] **See Commonwealth v. Lacombe**, 234 A.3d 602, 615 (Pa. 2020). It went into effect February 21, 2018.[2] Act 10 applies to defendants convicted of sexually violent offenses whose crimes had occurred after April 22, 1996 and before December 20, 2012. **See id.**. It requires those designated SVPs to register for life. **Id.**; **see also** 42 Pa.C.S. § 9799.55(b)(3). Ultimately, the Pennsylvania Supreme Court held that the requirements of Act 10 do not constitute criminal punishment, and accordingly, do not constitute *ex post facto* punishment. **Lacombe**, 234 A.3d at 618-627.

On March 19, 2018, the Pennsylvania State Police sent Farquharson a letter about his registration requirements under Act 10. Trial Ct. Op., at 1-2.

---

[1] Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"); Act of June 12, 2018, P.L. 140, No. 29.

[2] **See** Act of Feb. 21, 2018, P.L. 27, No. 10, § 22.

He did not register that month, in March 2018, and did not provide proof that he had been attending counseling.

Some eight months later, on January 13, 2019, Farquharson verified his information at the Uniontown City Police Department and provided a residential and mailing address. From March 2018 through January 2019, Farquharson did not verify proof of his attendance at counseling.

Farquharson was charged with failure to comply with sex offender registration requirements, verify his address or be photographed, provide accurate information, and comply with counseling.[3] A jury convicted Farquharson, as above. The court sentenced him on February 11, 2020, to 40 to 80 months of incarceration. Farquharson filed a timely post-sentence motion requesting a judgment of acquittal or an arrest of judgment and new trial. He challenged the weight and sufficiency of the evidence and contended that the registration requirements and his SVP designation were unconstitutional. Following argument, on June 11, 2020, the court denied Farquharson's motion. Farquharson filed this timely appeal.

Farquharson raises the following issues:

> I. Whether the evidence presented at trial was legally and factually sufficient to prove that [Farquharson] committed the offenses charged when the Commonwealth could not prove that they had a correct address for [Farquharson] at his last known registration; when [Farquharson]'s status had been changed by the Commonwealth to 'pending review;' and when the Commonwealth

___

[3] **See** 18 Pa.C.S. §§ 4915.1(a)(1), 4915.1(a)(2), 4915.1(a)(3), 4915.1(a.2)(1), respectively.

failed to prove that [Farquharson] received notification to complete his 'initial' registration pursuant to Act 10 of 2018.

II. Whether the verdicts of guilty in this matter were against the weight of the evidence, and so contrary to the evidence and testimony presented at trial, as to shock one's sense of justice.

III. Whether [Farquharson]'s convictions at trial were unconstitutional based [upon] the Pennsylvania Supreme Court's holding in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) when [Farquharson]'s underlying conviction occurred prior to the Sex Offender Registration and Notification Act ("SORNA"); the Commonwealth demonstrated no evidence that [Farquharson] was required to register pursuant to SORNA; and the time period for which he was alleged to have violated his registration requirements included the time period covered by SORNA.

IV. Whether [Farquharson]'s designation as a sexually violent predator was unconstitutional pursuant to **Muniz** when [Farquharson]'s underlying conviction occurred prior to SORNA; the Commonwealth demonstrated no evidence that [Farquharson] was required to register pursuant to SORNA; and the time period for which he was alleged to have violated his registration requirements included the period of time covered by SORNA.

V. Whether the inclusion of erroneous testimony regarding [Farquharson]'s unconstitutional designation as a sexually violent predator was so prejudicial that [Farquharson] is entitled to a new trial?

VI. Whether the inclusion of erroneous instruction from the trial court, and argument by the Commonwealth, that the jury consider whether [Farquharson] potentially violated his registration requirements beginning thirty (30) days from his most recent registration on or about February 2, 2018, was so prejudicial to [Farquharson] that he is entitled to a new trial.

Farquharson's Br. at 4-5.

In his first issue, Farquharson contends that there was insufficient evidence to convict him of the various charges related to his failure to register because the Commonwealth did not prove that he "knowingly" failed to

register as a sex offender. Farquharson's Br. at 9-13. Farquharson presents three reasons in support of this argument: there were typographical errors in his address in his January 2018 and February 2018 address; that Farquharson's status had been changed to "Pending – Review" following the ***Muniz*** decision and that any of his attempts to comply with registration would not have been recorded; and that there was no confirmation that the initial registration letter had been sent to the correct address or, in fact, had been received. Farquharson's Br. at 13-14.

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. ... When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000) (citations omitted). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Commonwealth v. Moreno***, 14 A.3d 133, 136 (Pa. Super. 2011). Additionally, "[t]he fact finder is free to believe all, part, or none of the evidence presented at trial." ***Id.***

The Crimes Code, in relevant part, provides as follows:

**§ 4915.1 Failure to comply with registration requirements**

**(a) Offense defined.--**An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to:

> (1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police);
>
> (2) verify his address or be photographed as required under 42 Pa.C.S. § 9799.15, 9799.19 or 9799.25; or
>
> (3) provide accurate information when registering under 42 Pa.C.S. § 9799.15, 9799.19 or 9799.25.

**(a.1) Transients.--**An individual set forth in 42 Pa.C.S. § 9799.13 who is a transient commits an offense if he knowingly fails to:

(1) register with the Pennsylvania State Police as required under 42 Pa.C.S. §§ 9799.15, 9799.16(b)(6) (relating to registry) and 9799.25(a)(7);

(2) verify the information provided in 42 Pa.C.S. §§ 9799.15 and 9799.16(b)(6) or be photographed as required under 42 Pa.C.S. § 9799.15 or 9799.25;

(3) provide accurate information when registering under 42 Pa.C.S. § 9799.15, 9799.16(b)(6) or 9799.25.

**(a.2) Counseling.--**The following apply:

> (1) An individual who is designated as a sexually violent predator or sexually violent delinquent child commits an offense if he knowingly fails to comply with 42 Pa.C.S. § 6404.2(g) (relating to duration of outpatient commitment and review) or 9799.36 (relating to counseling of sexually violent predators).

18 Pa.C.S. § 4915.1.

Farquharson was required to verify and update his information monthly as both an SVP and as a transient, and he regularly verified and updated his

information as a transient, even after **Muniz**, until February 2, 2018. N.T., 2/4/20, at 47-52. Further, the letter informing Farquharson of his Act 10 registration requirements was sent to the address Farquharson had listed and was not returned to the State Police Megan's Law Unit as undeliverable. **Id.** at 52-54. The evidence was thus sufficient for the jury to infer that Farquharson was aware of his obligation to register.

In his second issue, Farquharson argues that his verdict was against the weight of the evidence. A weight claim is for the trial court in the first instance. **See Commonwealth v. Stiles**, 143 A.3d 968, 980 (Pa.Super. 2016). The trial court may sustain a weight challenge and grant a new trial only "when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted). We review the trial court's rejection of a challenge to the weight of the evidence for an abuse of discretion. **Commonwealth v. Windslowe**, 158 A.3d 698, 712 (Pa.Super. 2017).

Farquharson contends that the evidence demonstrating the change in his status to "pending review," the Commonwealth's alleged failure to prove service of the "initial" registration letter; and the subsequent actions of the State Police outweighed the allegations against him. Farquharson's Br. at 18. In support of these arguments, Farquharson contends that he registered correctly from November 2017 through February 2018, but that, following "incorrect entries and a malfunctioning system," his status was changed to

"Pending – Review" due to the Pennsylvania Supreme Court's decision in *Muniz*. Farquharson's Br. at 16. He argues that, as a result, he was not required to register. *Id.* Farquharson also contends that when he was arrested on an unrelated charge, the Pennsylvania State Police Officer was unaware of Farquharson's Act 10 responsibilities to register. *Id.* at 16-19.

A failure to receive the Act 10 notice does not relieve an offender of registration obligations. 42 Pa.C.S.A. § 9799.54(b). The contents of the State Police computer system is similarly immaterial, and Farquharson's arrest on an unrelated charge and that state trooper's lack of knowledge of Farquharson's compliance or lack thereof with Act 10 is not material to the instant charges. The Commonwealth introduced evidence of Farquharson's obligation to register under Act 10 and his subsequent failure to register from March 2018 until January 2019. Farquharson's additional arguments are equally unavailing. *Muniz* was decided in July 2017 and Farquharson continued to register regardless until March 2018. Accordingly, the trial court's rejection of the weight claim was not an abuse of discretion. *See Clay*, 64 A.3d at 1055.

Farquharson's fourth and fifth issues contend that his convictions were unconstitutional pursuant to *Muniz*, 164 A.3d at 1189. He argues that his underlying conviction occurred prior to SORNA and the Commonwealth demonstrated no evidence that he was required to register pursuant to SORNA. Farquharson's Br. at 4. Similarly, he attacks his designation as an SVP as unconstitutional pursuant to *Muniz*, contending that his underlying

conviction occurred prior to SORNA and that *Muniz* rendered SVP designations unconstitutional. Farquharson's Br. at 20.

The requirements of Subchapter I are not criminal sanctions, and thus do not constitute violations of the *Ex Post Facto* Clause, pursuant to *Muniz*. *Commonwealth v. Elliott*, 249 A.3d 1190, 1193-94 (Pa.Super. 2021); *see also Lacombe*, 234 A.3d at 618-627. Further, the lifetime registration, notification, and counseling requirements ("RNC") for SVPs do not constitute criminal punishment and are constitutionally permissible. *Commonwealth v. Butler*, 226 A.3d 972, 976 (Pa. 2020) ("*Butler II*").

Thus, Farquharson's arguments are unavailing. Subchapter I of Act 10 was applicable to him; he was convicted of a violation of Act 10's registration requirements; and those registration requirements and SVP designations do not constitute *ex post facto* punishment. *Lacombe*, 234 A.3d at 618-627; *Butler II*, 226 A.3d at 976.*Elliott*, 249 A.3d at 1193-94;

Farquharson next argues that the inclusion of erroneous testimony regarding his allegedly unconstitutional designation as an SVP was so prejudicial that he is entitled to a new trial. Farquharson's Br. at 21. As noted, *supra*, the designation was not unconstitutional. He is not entitled to relief.

Finally, Farquharson argues that "the inclusion of erroneous instruction from the trial court, and argument by the Commonwealth" that the jury consider whether Farquharson had violated his registration requirements beginning thirty days from his most recent registration was so prejudicial that he is entitled to a new trial. Farquharson's Br. at 22. Farquharson argues that

he was prejudiced by the Commonwealth's argument that he violated his requirements as early as March 14, 2018, when he failed to register as a transient, or that, in the alternative, he violated his registration requirements on May 22, 2018 when he failed to register pursuant to Act 10. *See id.* The trial court instructed the jury that the date of the failure was not an essential element of the crime charged, and Farquharson contends that had the Commonwealth conceded that they could not prove beyond a reasonable doubt that Farquharson violated during a specific time period, the "entire composition of the case changes in [his] favor." *See id.* at 23.

Farquharson cites no authority in support of these contentions, in violation of Pa.R.A.P. 2119(a) (argument shall include citation of authorities). He has thus failed to present a properly developed argument. In so doing, he has waived this issue. *See Commonwealth v. Spotz*, 18 A.3d 244, 281 n.21 (Pa. 2011) (without a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority" (internal citations and quotation marks omitted)); *Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal;

- 10 -

arguments not appropriately developed include those where party has failed to cite any authority in support of contention)).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/8/2021