J-S33007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KIMBERLY ANN WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1252 WDA 2022 |

Appeal from the Judgment of Sentence Entered October 14, 2022
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000472-2020

BEFORE: BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: NOVEMBER 30, 2023**

Appellant, Kimberly Ann Williams, appeals from the judgment of sentence of three years' probation and $7,080 in restitution, imposed after a jury convicted her of theft by unlawful taking, theft by deception, and receiving stolen property.[1]  Herein, Appellant solely challenges the sufficiency of the evidence to sustain her convictions.  After careful review, we affirm.

The trial court summarized the facts and procedural history of Appellant's case, as follows:

> Kristie Bednez, [Appellant's] sister, was the power of attorney for her mother, JoLee Hamm, from 2012 to 2018.  [Appellant] became power of attorney for her mother in July 2018.  Bednez testified that she gave [Appellant] all … the checkbooks associated with their mother's account in 2018.  [Appellant's] mother died on January 10, 2020.  Jodi Sterling, another sister of [Appellant], became the executor of the mother's estate after her death.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3921(a), 3922(a)(1), and 3925(a), respectively.

Sterling testified that she never gave [Appellant] permission to access the mother's finances after her death. Between March 18, 2020 and June 29, 2020, [Appellant] wrote thirty-one checks from her mother's estate account with a total value of $7,080. As a result, [Appellant] was charged with … theft by unlawful taking[,] … theft by deception[,] and … receiving stolen property.

A jury trial occurred on August 22, 2022. Ten of the checks were written out to Shonda Filiatrault, [Appellant's] daughter, who lived with [Appellant] during the time the checks were written. Two of the checks were deposited into [Appellant's] PNC checking account. The expert handwriting analysis was inconclusive. However, Bednez, who claimed familiarity with [Appellant's] handwriting as she had seen [Appellant] write over the years and was familiar with her signature, testified that the writing on the checks matched [Appellant's] handwriting. This court denied [Appellant's] motion for acquittal[,] as this court found that the jury could draw an appropriate inference that the Commonwealth met the burden of proof. All … the checks had [Appellant's] name on them, the sister gave her opinion on the handwriting, and two of the checks were deposited into [Appellant's] bank account.

The jury found [Appellant] guilty on all three charges. The jury also determined beyond a reasonable doubt that the amount of money stolen was more than $2,000. All three charges merged for the purposes of sentencing. On October 17, 2022, this court sentenced [Appellant] to three years['] probation and ordered that she pay $7,080 in restitution to the Estate of JoLee Hamm. [Appellant] filed a notice of appeal on October 24, 2022. [Appellant] filed a [Pa.R.A.P. 1925(b)] concise statement alleging that "[t]he evidence was insufficient to sustain [Appellant's] convictions on all three charges because there is no direct evidence that [Appellant] authored, endorsed, or otherwise signed any of the checks the Commonwealth submitted into evidence."

Trial Court Opinion (TCO), 11/28/22, at 1-2 (unnumbered; unnecessary capitalization and footnotes omitted). The trial court filed its Rule 1925(a) opinion on November 28, 2022.

Herein, Appellant states one issue for our review: "Was the evidence insufficient to support [Appellant's] convictions for theft by unlawful taking[,]

theft by deception[,] and receiving stolen property?"  Appellant's Brief at 2

(unnecessary capitalization omitted).  We review Appellant's issue under the

following standard:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense.  **Commonwealth v. Moreno**, 14 A.3d 133[, 136] (Pa. Super. 2011).  Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder.  **Commonwealth v. Hartzell**, 988 A.2d 141[, 143] (Pa. Super. 2009).  The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.  **Moreno**, **supra** at 136.

**Commonwealth v. Koch**, 39 A.3d 996, 1001 (Pa. Super. 2011).

Here, we first address the trial court's conclusion that Appellant's Rule

1925(b) statement "insufficiently preserved the sufficiency of the evidence

issue for appeal…."  TCO at 3 (unnumbered).  The court reasoned that "[t]he

[c]oncise [s]tatement fails to identify which element of which convictions were

based on insufficient evidence, and therefore, the sufficiency of the evidence

claim has been waived for appeal."  **Id.**  We are compelled to agree with the

trial court.  **See Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa.

Super. 2008) ("If Appellant wants to preserve a claim that the evidence was

insufficient, then the 1925(b) statement needs to specify the element or

elements upon which the evidence was insufficient.").

However, we note that, even if not waived, we would conclude that

Appellant's sufficiency challenge is meritless.  Appellant contends that,

there was no direct evidence that [she] signed or endorsed the checks in question. No eyewitness testimony was presented to establish that [Appellant] cashed any of these checks. Multiple other people, one of whom had a conviction for forgery and one of whom had previously stolen from [Appellant's] account, had ready access to the checkbook in question and [were] equally as likely to have forged the cashed checks. And no expert testimony was presented to establish that the handwriting on the checks in question could be ascribed to [Appellant]. Consequently, the jury was left to speculate as to [Appellant's] guilt, and as such, the evidence was insufficient to establish any elements of the crimes [for which Appellant] was convicted … because it was not shown that she is the one who wrote the checks. Reversal is warranted.

Appellant's Brief at 5-6.

In rejecting Appellant's argument, the trial court stressed that Appellant made "[n]o assertion … that the ***circumstantial*** evidence was insufficient." TCO at 3 (unnumbered; emphasis added). It then concluded that the following evidence was sufficient to sustain Appellant's convictions:

The checkbook was located in [Appellant's] home. All … 31 checks have [Appellant's] name[ (*i.e.*, her signature as power of attorney)] on them. Two checks were endorsed by [Appellant] and deposited into her bank account. [Appellant's] sister identified her handwriting as someone familiar with [Appellant's] handwriting under 42 Pa.C.S.[] § 6111(a)(1).[2] The record contains both direct and circumstantial evidence of [Appellant's] guilt at all counts.

---

[2] That provision states:

**(a) Opinion evidence as to handwriting.--**Where there is a question as to any writing, the opinions of the following persons shall be deemed to be relevant:

(1) The opinion of any person acquainted with the handwriting of the supposed writer.

42 Pa.C.S. § 6111(a)(1).

- 4 -

*Id.* at 3-4 (unnumbered). To the trial court's opinion, the Commonwealth adds that "[t]he record also reflects that two checks were made payable to [Appellant], executed by [Appellant], endorsed by [Appellant], deposited into [Appellant's] bank account at an ATM using [Appellant's] check card[,] … [Appellant] indicated she was not aware that her check card was ever missing[,] and her bank statement reflects she used her check card in and around the day of the deposits." Commonwealth's Brief at 8.

We agree with the trial court and the Commonwealth that the totality of this circumstantial evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to prove that Appellant wrote the at-issue checks. Therefore, we would conclude that her challenge to the sufficiency of the evidence is meritless, even had she preserved that issue for our review.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/30/2023